[No. 9844. Department One. November 27, 1911.]

THE STATE OF WASHINGTON, *Respondent,* v.
HARRY DOUGLASS, *Appellant.*[1]

SODOMY—EVIDENCE—SUFFICIENCY. The evidence is sufficient to sustain a conviction for sodomy, notwithstanding certain exaggerations in the testimony of the prosecuting witness, where he was corroborated as to the overt act by two other witnesses.

CRIMINAL LAW—EXCESSIVE SENTENCE. A sentence of not less than nine and not more than ten years for sodomy will not be interfered with as excessive, there appearing no gross abuse of discretion.

Appeal from a judgment of the superior court for King county, Ronald, J., entered December 31, 1910, upon a trial and conviction of sodomy. Affirmed.

*H. C. Dalton* and *W. R. Bell,* for appellant.

*John F. Murphy, Hugh M. Caldwell,* and *H. B. Butler,* for respondent.

PER CURIAM.—The appellant was charged by information with the crime of sodomy, committed upon the person of a boy of the age of thirteen years. On a trial before a jury, he was convicted, and was afterwards sentenced by the court to a term in the penitentiary of not less than nine nor more than ten years. From the judgment and sentence, he appeals, assigning as error that the evidence is insufficient to justify the verdict, and that the sentence is excessive. On

[1]Reported in 118 Pac. 915.

the first ground assigned, appellant bases his claim for reversal upon the contention that the prosecuting witness' testimony was so uncertain and contradictory as to be unworthy of credence, but we think the question was one wholly within the province of the jury. The witness did make an exaggerated statement as to the number of times a certain thing had been done, and then afterwards admitted that his statement as to the number was not exactly true, but if this was sufficient to warrant the interference of the court had the statement been wilfully made, we think it insufficient in the particular case. It is plain the witness did not mean to be exact in his first statement, much less that he intended to commit perjury. The mode of expression used was only his manner of saying that the act occurred a great many times. Moreover, the witness was corroborated, in his statements as to the overt act charged against the appellant, by two other witnesses; and notwithstanding the appellant denied the charge and produced witnesses as to his good character, we are constrained to hold that the questions of fact were properly submitted to the jury, and that their findings are conclusive on this court.

The sentence imposed was within the discretion of the trial judge, and we have heretofore expressed our doubts as to our power to interfere. *State v. Van Waters*, 36 Wash. 358, 78 Pac. 897. Certainly we would not interfere unless there appeared to be a gross abuse of discretion on the part of the trial court. No such abuse appears here.

The judgment is affirmed.