[No. 39378.   Department Two.   April 18, 1968.]

THE STATE OF WASHINGTON, *Respondent*, v. LOUISE IVEY, *Appellant*.*

*Jack E. Tanner,* for appellant.

*Ronald L. Hendry, Joseph D. Mladinov,* and *Eugene G. Olson,* for respondent.

*Reported in 439 P.2d 974.

HILL, J.—Louise Ivey appeals from a conviction of the crime of possession of narcotics.

The case was tried to the court sitting without a jury. No assignment of error . is made to the findings of fact. The sufficiency of the evidence to establish guilt is not questioned. The only assignments of error are: (1) the trial court erred in failing to suppress certain evidence (two marijuana cigarettes); and (2) the trial court abused its discretion in sentencing the appellant to the state penitentiary for a period of not more than 20 years.

The appellant was arrested in the early morning of December 1, 1965, for being drunk in a public place and for a breach of the peace. When searched at the city jail, two marijuana cigarettes were found by a Tacoma policewoman. The search was pursuant to a lawful arrest. The possession of these two marijuana cigarettes was made the basis of the charge of the illegal possession of narcotics (RCW 69.33.220 and 69.33.230) on which she was tried and convicted.

■ The arrest and search were both lawful, and we see no reason for the suppression of the evidence. *State v. Green,* 70 Wn.2d 955, 959, 425 P.2d 913 (1967).

■ We fail to see the significance in this case of the complaint that for a period of several hours appellant, because of her intoxication, was denied permission to call an attorney. In the case of *Tacoma v. Heater,* 67 Wn.2d 733, 409 P.2d 867 (1966), relied on by the appellant, a 4-hour delay was clearly prejudicial. The case has no application here, and no prejudice is shown.

We have here no interrogation by police officers, and no confessions or admissions are involved. The appellant, thoroughly familiar with police procedures, points to no pretrial happenings or procedures that were prejudicial to her, except, of course, her lawful arrest and the finding of the two marijuana cigarettes in her shirt pocket by the policewoman while making a lawful search. The trial court clearly did not err in refusing to suppress the marijuana cigarettes.

■ Superficially, there would seem to be merit in the appellant's contention that the sentence was excessive for the offense of possession of two marijuana cigarettes. Actually, however, the court had only two choices, *i.e.*, to defer sentence and place the appellant on probation, or to impose that sentence. Probation would have been a farce in the light of the appellant's record,[1] and the sentence imposed was required by statute—RCW 9.95.010; RCW 69.33.410.[2]

Such a sentence is quite misleading to the uninformed, as under our statutes the Board of Prison Terms and Paroles fixes the term which will be served (RCW 9.95.040), and the Department of Institutions determines which of its institutions can best serve the needs of the individual (RCW 72.68.010) and facilitate rehabilitation while protecting society.

Finding no merit in either of the assignments of error, the judgment and sentence is affirmed.

ROSELLINI, HUNTER, and HAMILTON, JJ., and BRADFORD, J. Pro Tem., concur.

---

[1] Some complaint is made that a copy of the presentence report prepared by the court probation officer was not shown to the defendant's (appellant's) counsel. The complete answer is that no request was made to see it, and no objection was made to its use.

In passing sentence, the trial court referred to those items in the report which it considered significant, and their accuracy was not questioned. There is no necessity in this case to lay down guidelines as to what extent, if at all, such a report is a privileged document; and to what extent the defense counsel should be apprised of its contents. Under our statutory sentencing procedures, the significance of such a report becomes minimal where a sentence is pronounced, and becomes material only when the court is determining whether or not probation should be granted.

[2] RCW 69.33.410 fixes the maximum for this offense at "not less than ten or more than twenty years." RCW 9.95.010 requires the trial judge to impose the maximum sentence.