[No. 663-1. Division One—Panel 1. June 21, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. LAVON HURST, *Appellant*.

*Cary, Durning, Prince & Smith* and *George N. Prince,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *Lee D. Yates, Deputy,* for respondent.

UTTER, J.—Lavon Hurst and Gary Palmer were found guilty by a jury of two counts of robbery and one count

of committing a felony while armed. Palmer was sentenced to concurrent terms of 30 years for the first robbery, 20 years for the second and 5 years for the firearms violation. Hurst was sentenced to concurrent terms of 50 years for the first robbery, 20 years for the second and 5 years for the firearms violation. Hurst appeals the action of the court in imposing sentence. Palmer has not joined in this appeal. The sole issue is whether the court erred in imposing a maximum term of 50 years for the first robbery.

■ The court has the authority to impose a maximum term of imprisonment of 50 years for the crime of robbery. The trial judge is required by RCW 9.95.010 to impose the maximum term of imprisonment provided by law for the crime committed. When the statute fails to provide a maximum term of imprisonment, the trial court must exercise its discretion in establishing the maximum term. *State v. Boggs*, 57 Wn.2d 484, 358 P.2d 124 (1961); *State v. Johnson*, 141 Wash. 324, 251 P. 589 (1926); *State v. Douglass*, 66 Wash. 71, 118 P. 915 (1911). RCW 9.95.010 provides this term may be for any number of years up to and including life, but establishes a minimum of at least 20 years. Inasmuch as RCW 9.75.010, defining the crime of robbery, does not provide a maximum term of imprisonment, the trial court's imposition of a 50-year term for Hurst's conviction of robbery was within its statutory authority.

Hurst's counsel, in a scholarly and well-presented argument, urges that the action of the trial court constituted an abuse of discretion and has called our attention to recommendations and provisions of proposed codes of the American Law Institute, American Bar Association, and National Commission on Reform of Federal Criminal Laws.[1] The guidelines in these codes would establish the maximum sentence for his crime at substantially less than the 50

[1]The American Bar Association proposal states:
The Advisory Committee has . . . concluded that the authorized sentence for most felonies should be in the five-year range. Such a sentence is adequate for the vast majority of offenders who will be processed through the system. There may be some cases, it is

years actually imposed by the court. If the issue before us involved only the question of a choice by this court of whether society was best served by our present approach to sentencing or that recommended by the various groups previously cited, our decision might well be different. This is not the context in which the question is presented to us, however, and our decision must be based on the questions of abuse of discretion and violation of constitutional prohibitions against cruel and unusual punishment.

 Appellate courts do have the authority to review the imposition of a sentence where there is abuse of discretion. *State v. Douglass, supra; State v. Potts,* 1 Wn. App. 614, 620, 464 P.2d 742 (1969). We have stressed the necessity for the record to reveal a basis for the exercise of the discretionary determination and have indicated where this basis is present, we will hold that discretion is abused only where it can be said no reasonable man would take the view adopted by the trial court. *Rehak v. Rehak,* 1 Wn. App. 963, 965, 465 P.2d 687 (1970); *State v. Potts, supra.*

There were numerous factors in the record the court could have considered in reaching its decision. In 1964, Hurst pleaded guilty to a charge of manslaughter reduced from a charge of murder in the second degree and in 1968 was convicted of two counts of violation of federal narcotic drug laws. In addition to the two counts of armed robbery

---

conceded, where the term should perhaps be raised to ten. Armed robbery may be one.
ABA Standards Relating to Sentencing Alternatives and Procedures 61 (Tentative Draft, 1967).
The National Commission on Reform of the Federal Criminal Laws would classify Hurst's crime as a "class B" felony and sentence him to a maximum term of imprisonment of not more than 15 years. National Commission on Reform of Federal Criminal Laws, Final Report §§ 1721(2), 3201 (1971).
The American Law Institute proposal would classify Hurst's crime as second-degree robbery. Since his prior criminal record establishes him as a "persistent offender" this proposal would authorize Hurst's imprisonment for an extended term of not more than 20 years. American Law Institute, Model Penal Code §§ 8.03(1), 210.0(3), 221.1(2) (Proposed Official Draft May 4, 1962).

involved in this case, the record reveals that in one of these counts, a pharmacist was brutally pistol-whipped for no apparent reason. The presence of these factors furnishes a basis for the trial court's action, and we cannot conclude no reasonable man would adopt the view taken by the trial court and find no abuse of discretion.

■ Hurst's argument that his sentence constitutes cruel and unusual punishment is premature. The actual duration of his confinement will be set by the Board of Prison Terms and Paroles. *State v. Ivey,* 73 Wn.2d 589, 439 P.2d 974 (1968); RCW 9.95.040. Until the board has exercised its power and fixed a minimum term of imprisonment, Hurst's arguments relating to the excessive length of imprisonment and cruel and unusual punishment cannot be considered. *State v. Fairbanks,* 25 Wn.2d 686, 171 P.2d 845 (1946).

■ Hurst further contends the disparity in length between his and Palmer's sentences violates the equal protection clause of the fourteenth amendment to the United States Constitution. Inappropriate disparity in sentencing is a serious problem for the criminal justice system and results in justified bitterness and lack of respect for the law by persons who have been the recipients of unequal sentences imposed out of lack of information or the failure of one court to be aware of what other courts in the same jurisdiction are imposing as sentences for similar offenses. S. Rubin, The Law of Criminal Correction 116-19 (1963); President's Commission on Law Enforcement and Administration of Justice, Task Force Report: The Courts 23-5 (G.P.O. 1967). We cannot find, however, such an inappropriate disparity in the present sentence. Palmer's previous record of criminal convictions reveals one prior felony conviction for burglary in the second degree on August 15, 1959. This apparent difference in degree of prior criminal involvement furnishes a rational basis for differentiation in the maximum sentences, and we find for this reason there has been no violation of Hurst's constitutional rights on

150

this ground. *State ex rel. O'Brien v. Towne*, 64 Wn.2d 581, 392 P.2d 818 (1964).

The judgment of the trial court is affirmed.

HOROWITZ, C.J., and WILLIAMS, J., concur.