[No. 957-2.    Division Two.    April 17, 1974.]

THE STATE OF WASHINGTON, *Respondent*, v. THOMAS LEE
FLOYD, *Appellant*.

*David H. Johnson* and *Conrad & Johnson,* for appellant.

2

*Ronald L. Hendry, Prosecuting Attorney,* and *Joseph D. Mladinov, Special Counsel,* for respondent.

PETRIE, J.—Thomas Lee Floyd, the defendant, appeals from a judgment and sentence entered following a jury verdict which found him guilty of robbery. Floyd's counsel on appeal (who was not his trial counsel) brings two assignments of error, supplemented by several made by Floyd, pro se, in a "supplemental brief."

Floyd and his counsel, in their respective briefs, agree that because defendant's trial counsel did not call several witnesses requested by the defendant, he was not competently represented and consequently did not receive a fair trial. In particular, defendant alleges that his girl friend, Mary Porter, would have testified that defendant had spent the afternoon of the robbery with her, shopping, and thus he could not have committed the crime complained of.

■ We think there is no merit in this contention. Our examination of the record in this case indicates to us that defendant's trial counsel was quite aware of the possibility of an alibi defense. After exercising his judgment on the facts as they appeared to him, defendant's trial counsel stated, in this regard:

> I interviewed [defendant] and he made me aware these people had knowledge. I discussed it with the probation officer with respect to Mary Porter and followed up every lead in this case, and leads that were blind leads, and it has been useless.

The decision not to call the alibi witness was a legitimate part of counsel's trial strategy; and his judgment on this matter did not deprive defendant of the effective assistance of counsel at trial. *State v. Thomas,* 71 Wn.2d 470, 429 P.2d 231 (1967). Defendant's trial counsel diligently attempted to track down every witness of whom he was made aware. Failure to locate several witnesses cannot be deemed the fault of counsel. We agree with the following assessment of defendant's counsel's efforts made by the trial court: "He

did his best, he worked hard in this case, I can see that, and it was capably handled."

Defendant next complains that instruction 13 had the effect of singling out the defendant and informing the jury "that his veracity could be considered questionable by reason of his prior conviction—but not that of the complaining witness." Both defendant and the prosecuting witness, Nolan, had been convicted of felonies prior to the trial. Defendant and Nolan were the principal witnesses at the trial, and their testimony was almost wholly in contrast. Instruction 13 advised the jury:

> Under the law of this State, the fact that a *defendant* has previously been convicted of a crime is not of itself any evidence of his guilt in this case. It is, however, a circumstance which may be weighed and considered by you in the determination of what weight or credibility should be allowed his testimony as a witness in this case.

(Italics ours.)

It appears to be defendant's position that the instruction would have been acceptable if the word "defendant" had been replaced with the word "witness." From even a cursory reading of the instruction, it is apparent the words may not logically be interchanged. This is so because it was the guilt of the defendant which was at issue, not that of witnesses generally.

No objection to instruction 13 was made at trial. Indeed, the instruction could not successfully have been objected to, since it is a correct statement of the law and is "generally regarded as helpful to a defendant whose criminal record is before the jury." *State v. Harrison*, 72 Wn.2d 737, 741, 435 P.2d 547 (1967). In fact, where the defendant is a witness, and evidence is introduced by either party of prior convictions, then the instruction should be given. *State v. Passafero*, 79 Wn.2d 495, 487 P.2d 774 (1971). Therefore, in the instant case, the only possible error with regard to instruction 13 is the failure of the trial court to give a companion instruction applying to Nolan, the prosecuting witness.

4

■ The failure of the trial court to give an instruction, which had not been requested, does not constitute reversible error unless "a constitutional right has been violated." *State v. Frazier*, 81 Wn.2d 628, 631, 503 P.2d 1073 (1972). If the failure to give a companion instruction, pertaining to Nolan, had the effect of identifying defendant as being less worthy of belief than Nolan, although both were convicted felons, then there would be merit in defendant's contention; even though no such companion instruction was proposed by the defendant at trial. Having read the instructions as a whole, we are convinced no such evil occurred. Instruction 14 informed the jury:

> You are the sole and exclusive judges of the evidence and of the credibility of the several witnesses and of the weight to be attached to the testimony of each. In weighing the testimony of a witness, you have a right to consider his demeanor upon the witness stand, the apparent fairness or lack of fairness, the apparent candor or lack of candor of such witness, the reasonableness or unreasonableness of the story such witness relates, and the interest, if any, you may believe a witness feels in the result of the trial, *and any other fact or circumstance arising from the evidence which appeals to your judgment as in any wise affecting the credibility of such witness, and to give to the testimony of the several witnesses just such degree of weight as in your judgment it is entitled to.*
>
> You will be slow to believe that any witness has testified falsely in the case, but if you do believe that any witness has wilfully testified falsely to any material matter, then you are at liberty to disregard the testimony of such witness entirely, except in so far as the same may be corroborated by other credible evidence in the case.

(Italics ours.)

Evidence that both Nolan and defendant were convicted felons was before the jury, and under instruction 14 could properly be considered by the jury in assessing the contrasting testimony of these two witnesses. An instruction directing the jury's attention specifically to Nolan's credibility, in light of his previous conviction, would not have added any-

thing to the instructions given, when considered as a whole. Much less do we believe that the mind of the average juror would have "found the prosecutor's case significantly less persuasive . . ." than it did under the circumstances existing at the trial. *State v. Odom,* 83 Wn.2d 541, 520 P.2d 152 (1974). The trial court did not commit error in this respect.

In his "supplemental brief" defendant alleges he was deprived of due process of law because of prosecutorial misconduct. Particularly, defendant alleges that due to "prepping," the prosecuting witness was able to give "remarkably clear" testimony regarding events pertaining to the robbery. At least one such event was supplied for the first time at trial. Nolan testified at trial, but had not previously told the police, that defendant had personally prevented him from retrieving his money.

Preparing a witness for his stint on the witness stand does not necessarily mean that the prosecution knowingly used misleading or false testimony in building its case. It may be no more than a legitimate part of good trial preparation. By this, we do not mean to say that it is ever permissible to encourage or suggest to a witness that he testify falsely, or even to allow false or misleading testimony to stand uncorrected. *Napue v. Illinois,* 360 U.S. 264, 3 L. Ed. 2d 1217, 79 S. Ct. 1173 (1959); *State v. Finnegan,* 6 Wn. App. 612, 616, 495 P.2d 674 (1972). But, we have nothing more than defendant's bare allegation of such a possibility in this case. If the prosecuting witness testified to something at trial which was not in the report he had made to the police, it does not at all follow necessarily that the witness gave fabricated testimony at trial. Such a discrepancy opens an area of cross-examination, the benefit of which defendant had at trial. It does not, in this case, amount to error.

Defendant's final two assignments of error attack the sentence imposed. First, defendant alleges that the statutory scheme in Washington does not permit the judge to

sentence him to a prison term to run consecutively with one resulting from his probation revocation. When found guilty of robbery in the instant case, defendant was on probation for a prior conviction of assault. The probation was revoked and sentence was imposed. Thereafter, the trial court sentenced defendant for the robbery conviction, saying:

> Now, he [defendant] has been in trouble before; of course, this sentence now cannot run concurrently with the other one, that is out, but I don't think there is anything else to do but sentence him. The Parole Board can cut the terms to any length they wish.

Defendant's position is that the trial court thereby failed to follow the "broad no consecutive sentence rule" of RCW 9.95.060, which provides that (except in situations not here relevant): "credit on a sentence will begin from the date the judgment and sentence is signed by the court." Thus, claims defendant, since he was on probation when he allegedly robbed Nolan he falls within the provisions of RCW 9.92.080(1) which provides:

> (1) Whenever a person while under sentence of felony shall commit another felony and be sentenced to another term of imprisonment, such latter term shall not begin until the expiration of all prior terms: *Provided*, That any person granted probation pursuant to the provisions of RCW 9.95.210 and/or 9.92.060 shall not be considered to be under sentence of a felony for the purposes of this subsection.

Defendant is correct to the extent that the mandatory direction of RCW 9.92.080(1) cannot be applied to him due to the language following the word "*Provided*" in the subsection. However, such language in no way precludes defendant, under the circumstances, from being subject to RCW 9.92.080(3), which provides:

> (3) In all other cases, whenever a person is convicted of two or more offenses arising from separate and distinct acts or omissions, and not otherwise governed by the provisions of subsections (1) and (2) of this section, the sentences imposed therefor shall run consecutively, un-

less the court, in pronouncing the second or other subsequent sentences, expressly orders concurrent service thereof.

Thus, having determined RCW 9.92.080(3) to be applicable, we cannot say that the discretion allowed the trial court under that section was abused in this case. The sentence imposed was statutorily authorized.

■ In the second prong of his attack on the sentence imposed upon him, defendant argues that the possible duration of his imprisonment is so disproportionate to the crime committed that it amounts to cruel and unusual punishment. At the very least, this argument is premature. Defendant admits in his brief that the Board of Prison Terms and Paroles has not yet acted to set a minimum term of imprisonment for the robbery conviction. Until the board has exercised the discretion with which it is empowered in this respect, by fixing a minimum term of imprisonment, Floyd's argument that he has been subjected to cruel and unusual punishment cannot be considered. *State v. Hurst*, 5 Wn. App. 146, 149, 486 P.2d 1136 (1971); *State v. Fairbanks*, 25 Wn.2d 686, 171 P.2d 845 (1946).

The judgment and sentence appealed from are, therefore, in all respects affirmed.

PEARSON, C.J., and ARMSTRONG, J., concur.

Petition for rehearing denied May 8, 1974.

Review denied by Supreme Court October 10, 1974.