[No. 1256-2.     Division Two.     December 10, 1974.]

THE STATE OF WASHINGTON, *Respondent*, v. JOYCE MARIE LANGFORD, *Appellant*.

George W. Dixon, for appellant.

Ronald L. Hendry, Prosecuting Attorney, and Joseph D. Mladinov, Special Counsel, for respondent.

PEARSON, C.J.—The appellant, Joyce Marie Langford, was convicted for the possession of heroin and sentenced to a prison term not to exceed 10 years. Prior to sentencing, the appellant's attorney advised the trial court that his young client had been cooperative with him, she was seeking vocational training, it was her first adult offense, and she had an infant son to care for. However, police reports indicated that Ms. Langford was a lower echelon supplier or retailer in a large drug distribution ring. On the basis of this latter information, the trial court offered her probation only on the condition that she reveal the identity of her sources. This condition was imposed in open court at the time of sentencing, and required an affirmative response from her in open court. The appellant contends that she was given an impossible choice—that out of fear for her personal safety she had no alternative but to reject the conditions of probation and serve a prison term. The appellant also argues that the court erred by failing to request a presentence investigation report.

Although review courts are hesitant to intervene in the sentencing process, there are circumstances in which such intervention is necessary in order to prevent injustice. This case presents one of those circumstances. It is unreasonable for a defendant to be confronted with the Hobson's choice of either jeopardizing one's safety by publicly becoming an informer or going to prison.

We are mindful that a person convicted of a crime has no right to probation, and that the decision as to

whether or not to grant probation is a matter addressed to the sound discretion of the sentencing court. *State v. Wills*, 68 Wn.2d 903, 416 P.2d 124 (1966). RCW 9.95.210 permits conditions to be attached to the order granting probation. But these conditions must be reasonable. 24 C.J.S. *Criminal Law* § 1571(8) (1961). Here the conditions which the court would have attached to the appellant's probationary term were not reasonable, in view of the fact that compliance therewith would have subjected the appellant to possible, if not probable, harm. After reviewing the record of this case, we are satisfied that the defendant's fear was genuine.

This is not to say that in all cases the defendant cannot be required to provide the prosecution with information as a condition of probation. *See United States v. Worcester*, 190 F. Supp. 548 (D. Mass. 1961). But such conditions should not attach when compliance would subject the defendant to a serious risk of harm. If there are reasonable means of eliminating such a risk, such as conducting the sentencing proceedings behind closed doors with the record sealed, then such conditions might be proper. However, in the instant case the damage has been done. The court's offer was a matter of public record and there are no steps which can now be taken to undo that harm.

We are remanding this case for resentencing. Further, we are of the opinion that a presentence investigation report should be ordered.

A presentence report is not mandatory in every situation. CrR 7.2 lists occasions on which an investigation and report might not be ordered. Included in this list is a provision allowing the court to dispense with the report when it "finds in writing, with reasons stated, that the report would be of no practical use." CrR 7.2. Prior to the adoption of CrR 7.2 in 1973, the sentencing court could decide, in the exercise of its discretion, whether or not to order a presentence investigation. RCW 9.95.200; *State v. Riddell*, 75 Wn.2d 85, 449 P.2d 97 (1968). CrR 7.2 still provides the court with some discretionary latitude, but

definite restrictions are imposed. The use of such reports has been strongly encouraged, especially when probation is being considered. *See State v. Ivey*, 73 Wn.2d 589, 591 n.1, 439 P.2d 974 (1968). The American Bar Association would make the use of such reports mandatory in cases of a first offense, youthful offenders under a certain age (such as 21), and when there is a possibility of a prison term for more than 1 year. ABA Criminal Standards, *Sentencing Alternatives and Procedures* § 4.1 (Approved Draft, 1968).

In the instant case the sentencing court did not make a finding that the report would be of no practical use. In view of the fact that Ms. Langford is young, a first offender, and faces a possibly lengthy incarceration, we believe that a presentence report should have been ordered.

This opinion should not be interpreted to compel the granting of probation to Ms. Langford. Rather, the decision as to whether or not to grant her probation should not turn on her willingness to divulge information to the police or prosecution.

Remanded for resentencing procedures consistent with this opinion.

ARMSTRONG and PETRIE, JJ., concur.

Petition for rehearing denied January 20, 1975.

Review denied by Supreme Court March 25, 1975.