[No. 5820–1. Division One. September 18, 1978.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT L. DUNCAN, *Appellant*.

*Richey & Hohlbein* and *Jack A. Richey*, for appellant.

*Christopher T. Bayley, Prosecuting Attorney*, and *Octavia Chambliss, Deputy*, for respondent.

WILLIAMS, J.—Robert L. Duncan was charged with three counts of possession of controlled substances, convicted on all counts, and sentenced to three terms in prison of 5 years each to be served concurrently. In his appeal, error is assigned to several incidents which occurred during trial and sentencing. The errors claimed to have occurred during the trial are insubstantial; the assignment of error concerning sentencing requires a remand.

At the sentencing hearing, held about 2 months after the trial, the prosecuting attorney told the court that:

The State recommends that the defendant be sentenced to the Department of Social and Health Services for the maximum term of five years on each count to run concurrently. The State will recommend a minimum term of five months.

Defense counsel, noting that Duncan's previous criminal record consisted of conviction of two misdemeanors, proposed a suspended sentence upon condition of community service, and the presentencing unit of the court recommended a suspended sentence with a 1-year period in the county jail under the work release program. After discussing the three proposals, the court said:

I think probably, from the position I am in, the best thing to do, although there will be less time for you, would be to send you to prison, and that is what I will do. I will sentence you to the Department of Social and Health Services.

Thereupon, the court signed a judgment in which Duncan was sentenced to the three 5-year terms to be served concurrently.

At a subsequent hearing requested by the prosecutor, the court was told that the prosecutor's recommendation that Duncan serve 5 months in prison was really 5 years. Duncan's counsel argued that the court was then in a different position because of this change in circumstance. The court observed:

THE COURT: Well, I feel confident that my oral record at the time of the sentencing reflects what I thought then.

What you say is partially correct. I certainly did consider the prosecutor's recommendation seriously to be five months. And I considered it in connection with a one-year jail sentence on work release.

But I also said orally, and I meant that, I considered when sending him to prison the fact that there were juveniles in this place, and that was another consideration. So I had several reasons, one of which was the prosecutor's recommendation. No question about that.

I think the issue now is really more properly not substantive. The prosecutor can write a letter saying they

made a mistake. I'm not at all sure in the first place I have lost jurisdiction because I'm not reconsidering that sentence. And in the second place I think it might be inappropriate for them to do that under the current case law we are getting, although it's not directly on point. I think it is related.

So I don't know what you are asking of me today. I think we simply have the error on the record.

In response to the prosecuting attorney's statement that

We are still recommending prison, but with a five–year minimum. But there's no question that the Court took into account our five–month recommendation.

the court said:

All right. Now, let me say something about that.

I think that perhaps you are within the five–day rule if there were a clerical error. But I specifically asked about this, and the prosecutor who was here didn't give us any idea that there was a clerical error. So that's up to you to see whether or not—if you are going to argue this position, whether there was an error. And if there was not an error, my position on re–sentencing is that I've lost jurisdiction.

Other than to later say, "You have got the record," the court made no further comment, and the judgment containing the prison sentences remained in effect.

■ The trial judge was under a misapprehension as to her powers under the circumstances. As we said in *State v. Scott,* 20 Wn. App. 382, 388, 580 P.2d 1099 (1978),

Vacation or modification of a judgment on the grounds set forth in CR 60(b) lies within the discretion of the trial court. *United Pac. Ins. Co. v. Discount Co.,* 15 Wn. App. 559, 550 P.2d 699 (1976).

Under the circumstances, the court may well have not decided upon the prison term if it had known that the recommendation of the prosecutor to the Board of Prison Terms and Paroles would be that Duncan, with no previous felony record, should serve a minimum of 5 years.

■ Although review courts are hesitant to intervene in the sentencing process, there are circumstances in which

such intervention is necessary to prevent injustice. *State v. Langford,* 12 Wn. App. 228, 529 P.2d 839 (1974).

The sentence portion of the judgment is vacated and the cause remanded for resentencing.

JAMES and RINGOLD, JJ., concur.