[No. 2719–3.   Division Three.   May 8, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHN
WILFORD WACHSMITH, *Appellant.*

*Sensney, Davis, McCormick & Schneider* and *John R. Schneider,* for appellant.

*Curtis Ludwig, Prosecuting Attorney,* for respondent.

ROE, J.—John Wilford Wachsmith appeals from a sentence imposed after he was found guilty by a jury of first-degree theft.

The sole issue is whether the court erred in failing to order the sentence be served concurrently with a sentence imposed for a similar offense for which Mr. Wachsmith had been convicted in Grays Harbor County.

The applicable sentencing statute is RCW 9.92.080(3) which provides:

In all other cases, whenever a person is convicted of two or more offenses arising from separate and distinct acts or omissions, and not otherwise governed by the provisions of subsections (1) and (2) of this section, the sentences imposed therefor shall run consecutively, unless the court, in pronouncing the second or other subsequent sentences, expressly orders concurrent service thereof.

That subsection "evinces a legislative preference for consecutive sentences . . .", *Wickert v. State Board of Prison Terms & Paroles,* 13 Wn. App. 917, 920, 538 P.2d 826 (1975). *See also State v. Miles,* 77 Wn.2d 593, 603, 464 P.2d 723 (1970); *Grieve v. Smith,* 26 Wn.2d 156, 158, 173 P.2d 168 (1946); *In re Sanford,* 10 Wn.2d 686, 118 P.2d 179 (1941).

■ Thus, the sentence imposed in this matter and the sentence imposed for the Grays Harbor conviction are required by statute to run consecutively unless the court exercises discretion by expressly ordering the terms to run concurrently. *State v. Brown,* 17 Wn. App. 587, 595, 564 P.2d 342 (1977); *State v. Batten,* 16 Wn. App. 313, 556 P.2d 551 (1976); *State v. Bresolin,* 13 Wn. App. 386, 534 P.2d 1394 (1975); *State v. Floyd,* 11 Wn. App. 1, 6–7, 521 P.2d 1187 (1974); *State v. Harris,* 10 Wn. App. 509, 513, 518 P.2d 237 (1974); *State v. Hurst,* 5 Wn. App. 146, 148, 486 P.2d 1136 (1971).

The question of whether Mr. Wachsmith should serve his sentences concurrently or consecutively lies within the discretion of the trial court. *See, e.g., State v. Brown, supra, State v. Hurst, supra.* And, as the court said in *State v. Harris, supra* at 513:

Conceptually, the function of the exercise of judicial discretion may logically be reviewable only to determine if there has been an abuse of the discretionary prerogative. *State v. Douglass,* 66 Wash. 71, 118 P. 915 (1911). This is true because the exercise of discretion necessarily reflects the personal judgment of the court. *Cf. State v. Potts,*

*supra.* [1 Wn. App. 614, 464 P.2d 742 (1969)]. An appellate court can properly find an abuse of discretion only if "it can be said no reasonable man would take the view adopted by the trial court." *State v. Hurst,* 5 Wn. App. 146, 148, 486 P.2d 1136 (1971).

Here, Mr. Wachsmith contends the court disregarded the arguments of counsel and, thus, failed to exercise its discretion. He argues that the court failed to respond to the issues concerning whether the sentences should run consecutively or concurrently. Since the court did not provide reasons for the sentence in either an oral or written decision, Mr. Wachsmith argues there is no way of knowing whether the court exercised its discretion at all or, if it did exercise its discretion by silence, whether that exercise was based upon tenable grounds. Mr. Wachsmith contends that based upon statements made by the prosecutor and defense counsel during their argument at sentencing, the court should have exercised its discretion in favor of imposing concurrent, as opposed to consecutive, sentences.

A review of the record shows that Mr. Wachsmith was convicted of obtaining $9,000, by color or aid of deception, with intent to deprive the owner thereof. At sentencing he admitted the Grays Harbor conviction and waived the presentence investigation pursuant to CrR 7.2(a)(3). In addition, Mr. Wachsmith admitted that at the time of sentencing he was under commitment to the Department of Social and Health Services based upon the other conviction. Mr. Wachsmith was given an opportunity to challenge any assertions made by the prosecutor at sentencing, *see State v. Buntain,* 11 Wn. App. 101, 106, 521 P.2d 752 (1974), and in his behalf argued that because the two convictions were relatively concurrent with one another their sentences should run concurrently. In addition, he urged the court to impose concurrent sentences because of unsuccessful attempts to make restitution to the victim, his intention to make restitution upon his release, his regret for the offense and because the act was not one of violence. He also argued

the normal custom of the court was to run sentences concurrently and that but for the earlier conviction he would have been a substantially positive candidate for probation.

■ We note first there is no requirement in either the sentencing statute or court rule (*see* CrR 7.1) that the sentencing court enter formal findings of fact to support its exercise of discretion and sentencing. Although the record should reveal a basis for the exercise of a discretionary determination, *State v. Hurst, supra,* there is no requirement that the court provide written or oral reasons for imposing statutorily mandated consecutive sentencing. *See State v. Miles, supra; Grieve v. Smith, supra.* Indeed, imposing concurrent sentences in a situation such as this is an exception to the rule.

In view of Mr. Wachsmith's previous conviction for a similar offense and considering that the consecutive sentencing was statutorily authorized, we cannot say the discretion allowed to the trial court was abused. *See State v. Floyd, supra.*

The judgment of the Superior Court is affirmed.

GREEN, C.J., and MUNSON, J., concur.