[No. 12436-3-III.   Division Three.   June 20, 1995.]

The State of Washington, *Respondent*, v. William L. Morgan, *Appellant*.

*Carl G. Sonderman*, for appellant.

*Darin R. Campbell, Deputy Prosecuting Attorney*, for respondent.

SWEENEY, J. — Following a bench trial, William L. Morgan was convicted on stipulated facts of unlawful possession of a controlled substance—cocaine. He appeals an adverse ruling following a suppression hearing, contending evidence of the cocaine should have been suppressed because he was arrested and searched without probable cause. We affirm.

## FACTS

On February 6, 1992, at about 12:15 a.m., Pasco Police Officer Dwight Davison noticed a pickup parked in Walter's Field—a public park. Officer Davison noticed water, a roll of aluminum foil, and a pile of white powder spread out on the hood of the pickup. Based on his 11 years as a police officer, including one year with the Tri Cities Metro Drug Task Force, Officer Davison concluded the items on the hood of the truck were used for the purpose of freebasing cocaine.

Officer Davison arrested both Scott Widener, the driver and owner of the pickup, and the defendant, William Morgan, for trespassing in violation of Pasco Municipal Code 9.48.010.[1] Officer Davison searched Mr. Morgan pursuant to the arrest and found a bindle of white powder which later proved to be cocaine. The trial judge dismissed the trespass charge, concluding that it was a malum prohibitum, rather than a malum in se crime. The court,

---

[1]Pasco Municipal Code 9.48.010 provides in part that "all city parks shall open at six a.m. for public use, and close at midnight each day".

however, concluded that Officer Davison had probable cause to arrest Mr. Morgan on the charge of possession of drug paraphernalia. It is this ruling which Mr. Morgan appeals.

## DISCUSSION

The dispositive issue is whether Officer Davison had probable cause to arrest Mr. Morgan. We first address the trial court's ruling on the trespass issue.

Apparently both parties agree that Walter's Field in Pasco is a public park and, as such, we presume is freely open to the public. A city, however, may control the use of its property so long as the restriction is for a lawful nondiscriminatory purpose. *See State v. Blair*, 65 Wn. App. 64, 67, 827 P.2d 356 (1992) (citing *Adderley v. Florida*, 385 U.S. 39, 47, 17 L. Ed. 2d 149, 87 S. Ct. 242 (1966)). But some notice reasonably calculated to inform users of the park that it is closed and not available for public use must be given before they are tagged with the label "trespasser". Such notice might include, as suggested in this case, signs at the entrance gates. But signs are not the only means of providing notice. The city might rely on other means to inform the public that the park is not open for public use, such as road blocks or a request by police or other authorities to leave the park. Evidence might also be adduced that the user had previously been informed of the closure dates. Absent some notice, there would be no reasonable grounds for a police officer to believe that a misdemeanor trespass had been committed in the officer's presence. RCW 10.31.100; *see State v. Glover*, 116 Wn.2d 509, 514, 806 P.2d 760 (1991); *State v. Thompson*, 69 Wn. App. 436, 442, 848 P.2d 1317 (1993). Officer Davison did not therefore have reasonable grounds to believe that the misdemeanor crime of trespass was being committed in his presence.

The next question is whether Officer Davison had probable cause to believe that Mr. Morgan was in possession or, more accurately, in joint constructive possession of drug paraphernalia.

■ Probable cause is not subject to calculation by formula or mathematical certainty. It is a combination of facts, circumstances and judgment. The traditional formula provides that

> [p]robable cause for an arrest without a warrant arises from a belief based upon facts and circumstances within the knowledge of the arresting officer that would persuade a cautious but disinterested person to believe the arrested person has committed a crime. The officer need not have knowledge or evidence sufficient to establish guilt beyond a reasonable doubt, for in this area the law is concerned with probabilities arising from the facts and considerations of everyday life on which prudent men, not legal technicians, act.

(Citations omitted.) *State v. Parker*, 79 Wn.2d 326, 328-29, 485 P.2d 60 (1971).

The question is not whether the State can prove beyond a reasonable doubt that Mr. Morgan had joint constructive possession of the drug paraphernalia, but only whether Officer Davison had probable cause to believe he had joint constructive possession based upon the circumstances presented that night in the park.

■■ Pasco Municipal Code 9.75.020 makes it unlawful to use, or possess with intent to use, drug paraphernalia. Any person who violates this section is guilty of a misdemeanor. Constructive possession requires that the defendant have dominion and control over the contraband or the premises where the contraband is found. *State v. Callahan*, 77 Wn.2d 27, 30-31, 459 P.2d 400 (1969). Possession of the contraband may be joint. *State v. Harris*, 14 Wn. App. 414, 417, 542 P.2d 122 (1975), *review denied*, 86 Wn.2d 1010 (1976). The determination of constructive possession is made by examining the "totality of the situation" to determine if there is substantial evidence tending to establish circumstances from which the trier of fact can reasonably infer the defendant had dominion and control over the contraband. *State v. Partin*, 88 Wn.2d 899, 906, 567 P.2d 1136 (1977).

Here, Officer Davison was patrolling a public park, after

midnight, during the middle of winter, when he noticed water, aluminum foil, and white powder on the hood of a pickup occupied by Mr. Widener and Mr. Morgan. Based on 11 years' experience as a police officer (one with a drug task force), he concluded that the paraphernalia on the hood of the pickup was for the purpose of freebasing cocaine. That conclusion was reasonable. As noted, possession of this paraphernalia is a misdemeanor.

The officer's experience and expertise is no doubt helpful in establishing that the material on the hood of the pickup was drug related and that experience and expertise supports the court's conclusion that the material was drug paraphernalia. But that experience is of no assistance on the issue of whether Mr. Morgan was in joint constructive possession.

Mr. Morgan argues that his knowledge of the presence of drugs or mere proximity to the drugs at the time of his arrest is not sufficient. *State v. Galbert*, 70 Wn. App. 721, 727, 855 P.2d 310 (1993). We disagree. Arguably both Mr. Widener and Mr. Morgan were merely in proximity to the drug paraphernalia. Certainly, both had equal access to the paraphernalia on the hood. Neither acknowledged ownership of the drugs. Unlike the factual circumstance presented in *Harris*, the drugs were not locked away in a trunk effectively denying the passenger access. The paraphernalia was located on the hood in plain view of both the driver and passenger (and Officer Davison). There is nothing which would distinguish Mr. Widener's relationship with the paraphernalia from Mr. Morgan's. The pickup merely served as a platform for the paraphernalia. The drugs were not hidden away in a glove compartment, a trunk, or underneath a seat where it might be argued Mr. Morgan would have no access or knowledge of them. We conclude therefore that the facts presented to Officer Davison that night in the park were sufficient to give Officer Davison probable cause to believe that Mr. Widener and Mr. Morgan intended to possess or use the drug paraphernalia located on the hood of Mr. Widener's pickup.

The judgment of the trial court is affirmed.

THOMPSON, C.J., concurs.

SCHULTHEIS, J. (dissenting) — "[T]he adage, 'hard cases make bad law,' is best viewed as a caveat, not a mandate". *Caldwell v. Wallace*, 755 F.2d 870, 871 (11th Cir. 1985). Today we adopt a "possible cause" standard for justifying warrantless arrests accompanied by warrantless searches. The corpus delicti was present. An officer experienced in the drug world saw paraphernalia in open view and arranged in a manner suggesting future use. Someone possessed drug paraphernalia with intent to use it. What is missing is a nexus between the corpus delicti and William Morgan, other than his proximity to the scene of the crime. Of interest, Officer Dwight Davison did not believe he had probable cause to arrest Mr. Morgan for possession of drug paraphernalia. He placed both Mr. Morgan and his companion under arrest for trespassing in the park after curfew. That led to the search incident to an arrest. After the search, he arrested Mr. Morgan for possession of cocaine, but not for possession of paraphernalia.

> A I placed them both under arrest. I charged one with being in the park after dark and possession of drug paraphernalia, which was on the hood of his car and internally in his truck, and placed the other subject, the defendant here, under arrest for the possession of a controlled substance, cocaine.
>
> Q All right. And did you ask either the driver or the defendant here in this matter whose stuff it was on the hood?
>
> A No.

Officer Davison's announced reason for the arrest is not controlling if probable cause exists for some other offense. *State v. Huff*, 64 Wn. App. 641, 646, 826 P.2d 698, *review denied*, 119 Wn.2d 1007 (1992). It is nonetheless worthy of weight that this experienced officer did not rely on Mr. Morgan's asserted possession of paraphernalia because it

answers the question raised by the majority as to what the difference is between Mr. Morgan and his companion. Majority, at 213. The difference is that the driver of the vehicle exercised dominion and control over it, thus concurrently exercising dominion and control over the paraphernalia. *State v. Hagen*, 55 Wn. App. 494, 499, 781 P.2d 892 (1989) (either control of contraband or control of premises containing contraband sufficient); *see also State v. Paine*, 69 Wn. App. 873, 878, 850 P.2d 1369, *review denied*, 122 Wn.2d 1024 (1993). "A vehicle is a 'premises' for purposes of this inquiry". *Huff*, at 654. There is no evidence that Mr. Morgan exercised dominion and control over the vehicle or the materials located on its hood. There is only evidence that he was present at the scene and situated in the passenger seat. *State v. Spruell*, 57 Wn. App. 383, 388-89, 788 P.2d 21 (1990) (mere proximity insufficient to show dominion and control). The officer found it unnecessary to ask "whose stuff it was on the hood" because under the facts then known, it was obviously the driver's. Absent reason to believe to the contrary, the person with the keys is the person with dominion over a vehicle. *See State v. Pinkerton*, 72 Wn.2d 898, 901, 435 P.2d 661 (1967); *State v. Potts*, 1 Wn. App. 614, 617, 464 P.2d 742 (1969).

Possession of drug paraphernalia is not a pure possessory offense under either state or municipal law. "RCW 69.50.412 does not, ipso facto, make possession of drug paraphernalia a crime. The statute does, however, criminalize the use of drug paraphernalia[.]". *State v. Lowrimore*, 67 Wn. App. 949, 959, 841 P.2d 779 (1992). No evidence of actual use surfaced until after the men were arrested and a search of the vehicle revealed a piece of foil with burnt residue. The Pasco Municipal Code (PMC), which the arresting officer might also have relied upon, is broader than the statute because it prohibits possession of paraphernalia "with the intent to use". PMC 9.75.020. The manner in which the items of paraphernalia were spread out on the hood suggests someone intended future use. Nothing suggests that someone was Mr. Morgan other than his presence at the scene. This scenario is thus one

step more remote from the typical constructive possession case because the facts must support both possession and intent to use.

I am aware of the distinction between the quantum of evidence necessary to support conviction and that necessary to support probable cause. *State v. Conner*, 58 Wn. App. 90, 97, 791 P.2d 261, *review denied*, 115 Wn.2d 1020 (1990). To its credit, the State apparently concedes the facts could not support a conviction. Officer Davison believed they could not support an arrest either. Neither do I and thus respectfully dissent.

Review denied at 127 Wn.2d 1026 (1995).