
# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 76960-0-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JASON MICHAEL SMITH, | ) | |
| | ) | UNPUBLISHED OPINION |
| Appellant. | ) | |
| | ) | FILED: December 3, 2018 |
| | ) | |

VERELLEN, J. — Jason Smith appeals his conviction for possession of methamphetamine with intent to manufacturer or deliver. Because the prosecutor's comment during closing argument concerning constructive transfer was not improper, Smith fails to establish prosecutorial misconduct.

Therefore, we affirm.

## FACTS

On January 21, 2016, Sergeant Rory Bolter arrested Smith on probable cause developed by the Snohomish County Regional Drug Task Force that Smith was dealing drugs. After Smith was read his rights, he agreed to talk to Detective William McCormick. Smith admitted there was approximately half an ounce of methamphetamine in his vehicle.

The State charged Smith with one count of possession of methamphetamine with intent to manufacturer or deliver.

At trial, Smith testified that he purchased the methamphetamine for himself and his girlfriend with both of their money. Smith also testified that after purchasing drugs, he usually put the drugs in a container for him and his girlfriend to share.

During closing argument, defense counsel argued the State failed to show Smith intended to deliver the methamphetamine. On rebuttal, the prosecutor argued, "[C]onstructive transfer is leaving the meth in a jar knowing that it's there for the purpose of having your girlfriend get access to it and smoke it."[1] Defense counsel did not object. The jury convicted Smith as charged.

Smith appeals.

## ANALYSIS

Smith contends a new trial is required because the State committed prosecutorial misconduct during closing argument.

"Allegations of prosecutorial misconduct are reviewed under an abuse of discretion standard."[2] To prevail on a claim of prosecutorial misconduct, the defendant bears the burden of establishing that the conduct was both improper

---

[1] Report of Proceedings (RP) (Jan. 10, 2017) at 336.
[2] State v. Brett, 126 Wn.2d 136, 174, 892 P.2d 29 (1995).

and prejudicial.[3] "A prosecuting attorney commits misconduct by misstating the law."[4]

Smith argues the prosecutor's comments were improper because he misstated the law of constructive transfer.

Under the Uniform Controlled Substances Act, "it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance."[5] "'Deliver' or 'delivery' means the actual or constructive transfer from one person to another of a substance, whether or not there is an agency relationship."[6]

The Uniform Controlled Substances Act does not define "transfer." "In the absence of a legislative definition, we look to a common understanding of the term as found in dictionaries."[7] "Transfer" means "to carry or take from one person or place to another," "to move or send to a different location," or "'to cause to pass from one person or thing to another.'"[8]

In accord with this definition, this court previously defined "constructive transfer" in the context of delivery of a controlled substance as "the transfer of a controlled substance either belonging to the defendant or under his direct or

___

[3] State v. Thorgerson, 172 Wn.2d 438, 442, 258 P.3d 43 (2011) (quoting State v. Magers, 164 Wn.2d 174, 191, 189 P.3d 126 (2008)).

[4] State v. Allen, 182 Wn.2d 364, 373, 341 P.3d 268 (2015).

[5] RCW 69.50.401(1).

[6] RCW 69.50.101(h).

[7] State v. Morris, 77 Wn. App. 948, 950, 896 P.2d 81 (1995).

[8] WEBSTER'S THIRD INTERNATIONAL DICTIONARY at 2426-27 (2002).

indirect control, by some other person or manner at the instance or direction of the defendant."[9]

Here, during closing argument, the prosecutor argued, "[C]onstructive transfer is leaving the meth in a jar knowing that it's there for the purpose of having your girlfriend get access to it and smoke it."[10]

Smith argues this comment was improper because it misstated the law of constructive transfer. Specifically, Smith contends he and his girlfriend had joint possession of the methamphetamine, and he could not "transfer" the methamphetamine to a joint possessor. Even accepting this contention, which is unsupported by citation to authority, Smith fails to show his girlfriend had joint possession of the methamphetamine.

Although two people may jointly possess a controlled substance, possession requires "dominion and control over the contraband or the premises where the contraband is found."[11] Smith fails to provide evidence that his girlfriend had dominion and control over the methamphetamine when it was in his vehicle. The evidence shows only that Smith had actual exclusive control of the methamphetamine when it was in his vehicle.

"Because of the nature of the charge of possession with intent to deliver, evidence is usually circumstantial. But evidence of an intent to deliver must be

---

[9] State v. Campbell, 59 Wn. App. 61, 63, 795 P.2d 750 (1990) (quoting Davila v. State, 664 S.W.2d 722, 724 (Tex. Ct. App. 1984)).

[10] RP (Jan. 10, 2017) at 336.

[11] State v. Morgan, 78 Wn. App. 208, 212, 896 P.2d 731 (1995).

sufficiently compelling that 'the specific criminal intent of the accused may be inferred where it is plainly indicated as a matter of logical probability.'"[12]

At trial, Smith testified that he purchased the methamphetamine for himself and his girlfriend with both of their money. Smith also testified that after purchasing drugs, "I put it in a container that's for both of us. And I keep it on the shelf by my bed so she can smoke when she wants and I smoke."[13] Smith's intent to transfer the methamphetamine to his girlfriend is plainly indicated by this evidence as a matter of logical probability. The intended transfer to a container in the bedroom was constructive because Smith planned to place the methamphetamine in a container to share with his girlfriend. As a result, the prosecutor's statement that such evidence constituted constructive transfer was not improper.

Because the prosecutor's conduct was not improper, Smith fails to establish prosecutorial misconduct.

Smith filed a supplemental brief challenging the imposition of the $100 deoxyribonucleic acid (DNA) fee and the $200 criminal filing fee. When Smith was sentenced, these two fees were mandatory. Effective June 7, 2018, the legislature amended the DNA fee statute, adding the words "unless the [S]tate has previously collected the offender's DNA as a result of a prior conviction."[14] The legislature

---

[12] State v. Davis, 79 Wn. App. 591, 594, 904 P.2d 306 (1995) (internal quotation marks omitted) (quoting State v. Kovac, 50 Wn. App. 117, 120, 747 P.2d 484 (1987)).

[13] RP (Jan. 10, 2017) at 228.

[14] LAWS OF 2018, ch. 269, § 18.

also has exempted indigent defendants from the $200 filing fee.[15]  These amendments apply prospectively to cases pending appeal.[16]

The State acknowledges that the amendments apply to Smith and that "this court should remand the matter to the trial court to strike the $200 filing fee and the $100 [DNA] fee."[17]

We affirm Smith's conviction but remand for the trial court to strike the $100 DNA fee and the $200 criminal filing fee.

WE CONCUR:

_____

_____

_____

---

[15] State v. Ramirez, ___ Wn.2d ___, 426 P.3d 714, 722 (2018).

[16] Id. at 721-23.

[17] Resp't's Supp. Br. at 4.  The State notes there is no need to address interest accrual on the fees to be stricken on remand.  We agree.  Upon striking the DNA fee and the criminal filing fee, no interest will have accrued on those stricken fees.