[No. 30047.   Department Two.   October 3, 1946.]

*In the Matter of the Application for a Writ of Habeas Corpus by* RICHARD GRIEVE, *Petitioner,* v. TOM SMITH, *as Superintendent of the State Penitentiary, Respondent.*[1]

*The Attorney General* and *George H. Holt, Assistant,* for respondent.

[1] Reported in 173 P. (2d) 168.

Mallery, J.—Disposition of Richard Grieve's first petition in this court for a writ of *habeas corpus* is to be found in *In re Grieve,* 22 Wn. (2d) 902, 158 P. (2d) 73. This is the second such petition, upon receipt of which the chief justice directed to the superintendent of the Washington state penitentiary, and returnable before this court, an order to show cause why such writ should not issue. Return was made by way of demurrer that the petition, which we set forth below, did not on its face state any grounds to cause the writ to issue.

The petition of Richard Grieve respectfully shows:

"I. That he is illegally imprisoned and restrained of his liberty in the Washington State Penitentiary by Tom Smith, Superintendent thereof and respondent herein.

"II. That on the 21st day of March, 1939, petitioner had entered against him in cause No. 5447 in the Superior Court of the State of Washington in and for Yakima County, entitled 'State of Washington, plaintiff vs. Joe Hunsinger and Richard Grieve, defendants, a judgment, and sentence, a true copy of same being hereto attached and marked 'Exhibit A,' wherein petitioner was sentenced on two counts, said counts being ordered to run consecutively.

"III. That petitioner has been deprived of his rights guaranteed under the Constitution of the State of Washington and the sixth and fourteenth amendments to the Constitution of the United States, in that said judgment and sentence is void for the reason that said counts cannot be made to run consecutively under the laws of the State of Washington, and for the further reason that since said judgment and sentence does not *set forth* the specific date when the sentence on Count One shall end, and when the sentence on Count Two shall start, it is void under the rulings of the Supreme Court of the United States."

Petitioner's first contention is that the judgment is void for the reason that, under the laws of this state, the sentences cannot be made to run consecutively.

The pertinent part of the judgment and sentence incorporated by reference in the petition reads as follows:

"That, whereas, said defendant has been duly convicted in this court on the 21st day of March, A. D., 1939, of the crime of Burglary in the Second Degree on count one and Robbery on count two it is therefore Ordered, Adjudged

and Decreed that said Defendant, Richard Grieve, is guilty of the crime of Burglary in the Second Degree and Robbery and that he be punished by confinement at hard labor in the Penitentiary of the State of Washington for a period of not more than Fifteen (15) years on count one and not more than Twenty (20) years on count two. It is the further Order of the Court that said sentences shall run consecutively."

Under Rem. Rev. Stat., § 2285 [P.P.C. § 112-59], when a person has been convicted of two or more offenses before sentence has been pronounced for either, the imprisonment to which he is sentenced upon the second conviction shall commence upon the termination of the first or other term. It is provided, however, that, whenever a person is convicted of two or more offenses set forth in separate counts in one information, the court may provide that the sentences shall run concurrently. It would appear that, under this section, the legislature has intended that, as a general rule when a person is convicted of more than one offense, the sentences shall run consecutively. *In re Sanford,* 10 Wn. (2d) 686, 118 P. (2d) 179. The only exception to this rule is that the legislature has authorized the court to provide for the sentences to run concurrently when the defendant has been convicted of two offenses joined in the same information.

Since the authorization to impose a concurrent sentence is the exception to the general rule, it is apparent that the use of the word "may" in this proviso leaves the determination as to whether or not the sentences should be concurrent or consecutive within the discretion of the trial court, and that, when two or more convictions are obtained on an information charging more than one crime, the court may, under this statute, sentence the defendant to either consecutive or concurrent terms.

The petitioner contends that the judgment is irregular upon its face because the specific date when the sentence on count No. 1 shall end and count No. 2 shall begin is not set forth, and that this makes the sentence indefinite.

Under the laws of this state, the sentences could not have been more definite. By the terms of Rem. Rev. Stat. (Sup.),

§ 10249-2 [P.P.C. § 782-5], the courts are required, in sentencing a defendant found guilty of a felony, to impose only the maximum sentence prescribed by the legislature and, in the event no maximum sentence has been prescribed for the crime charged, to impose a sentence of not less than twenty years. The statute further provides that the board of prison terms and paroles, within six months after the convict is admitted to the institution, is to prescribe the duration of the convict's minimum term of confinement. The same statute provides for reduction of a prisoner's term of confinement as a reward for his good behavior, such reduction to be made upon the recommendation of the superintendent of the institution and its adoption by the board of prison terms and paroles. It is therefore apparent that the court, in entering a judgment containing consecutive sentences, cannot foretell the date upon which the first sentence will end and the second begin.

Irrespective of the petitioner's right to parole and the petitioner's right to "good time" deductions, the court imposed a definite and certain judgment prescribing total maximum sentences of thirty-five years imprisonment. Irrespective of the board's action in fixing the minimum duration of confinement under either sentence or in refusing to allow "good time" deductions, this petitioner is subject to thirty-five years of maximum confinement.

The right to a discharge from confinement by a prisoner serving a maximum sentence under this act, is not a matter of right but is a matter of discretion with the board of prison terms and paroles. *State ex rel. Linden v. Bunge,* 192 Wash. 245, 73 P. (2d) 516. Hence, it follows that when, under our present act relating to paroles, the superior court enters a judgment imposing maximum sentences these maximum sentences are the penalty imposed for the crimes. In the instant case, the sentence under count No. 1 will run for fifteen years and the sentence under count No. 2 will commence on the termination of that maximum and run for another twenty years. Under the statute, the parole board has been given authority, in its discretion subject to certain limitations, to grant the petitioner a parole prior to the

160

execution of the two maximum sentences, but this does not affect the validity of the judgment and sentence on its face.

██ ██ The judgment and sentence show that the court had jurisdiction of the person, he being present in the court; that the state had jurisdiction of the subject matter, the crimes of burglary in the second degree and robbery being felonies, and the superior court of the state of Washington being a court of general jurisdiction. The court entered the sentences which were authorized by law. The petition having disclosed on its face that the detention complained of is by virtue of a valid judgment and sentence, there can be no inquiry in *habeas corpus*. *In re Grieve, supra.*

The demurrer is sustained.

MILLARD, STEINERT, ROBINSON, and SIMPSON, JJ., concur.