[No. 30724. Department One. March 17, 1949.]

*In the Matter of the Application for an Alternative Writ of Mandamus of* ROBERT WYBACK, *Appellant,* v. THE BOARD OF PRISON TERMS AND PAROLES, *Respondent.* [1]

*Robert Wyback, pro se.*

*The Attorney General* and *C. John Newlands, Assistant,* for respondent.

[1] Reported in 203 P. (2d) 1083.

MALLERY, J.—This is an appeal from an order of the superior court for Walla Walla county denying a petition for an alternative writ of mandamus. From the petition, it appears that the relator was convicted on September 4, 1940, in Clark county, of the crime of burglary in the second degree and sentenced to serve a maximum term of fifteen years in the Washington state penitentiary at Walla Walla. It appears that on March 7, 1941, the board of prison terms and paroles, hereinafter called the board, fixed the duration of relator's confinement at ten years.

The relator escaped from the honor camp at Centralia on August 4, 1946, and was apprehended and returned to the penitentiary on August 7, 1946.

Thereafter, the board, while convened at a regular session at the penitentiary, brought the relator before it for a hearing and on November 30, 1946, entered the order here complained of which revoked the order of March 7, 1941, and fixed the duration of confinement at fifteen years. It also denied relator twenty months of good time credits theretofore earned.

By this action, the relator sought to require the reinstatement of the order of March 7, 1941. From a denial of the petition, he appeals to this court.

He contends that the court erred in not finding that he had been deprived of his constitutional rights by the board when it did not conduct the hearing according to the requirements of due process of law. He invokes Rem. Rev. Stat. (Sup.), § 10249-2 [P.P.C. § 782-5], which reads as follows:

"In case any convicted person undergoing sentence in 'the penitentiary or the reformatory commits any infractions of the rules and regulations of the penitentiary or the reformatory, as the case may be, the board of prison, terms and paroles may revoke any order theretofore made determining the length of time such convicted person shall be imprisoned and make a new order determining the length of time he or she shall serve, not exceeding the maximum penalty provided by law for the crime for which he or she was convicted, or the maximum fixed by the court. Such revocation and redetermination shall not be had except

upon a hearing upon the question of the infraction of the rules charged to such convicted person before the board of prison, terms and paroles. *At such hearing the convicted person,* unless outside the walls of the penitentiary or the reformatory, as an escapee and fugitive from justice, *shall be present and entitled to be heard and may present evidence and witnesses in his behalf. . . ."* (Italics ours.)

His complaint is that: (a) the board failed to summon witnesses on his behalf; (b) found him guilty of several crimes committed while he was an escapee, and (c) by changing the order of March 7, 1941, thereby increasing the duration of his term, it imposed a penalty without due process of law.

His petition was denied for failure to allege a cause of action. He made no showing that he had presented witnesses whom the board had refused to hear or that there was any material testimony which any witness could give, if heard. He does not deny that he escaped.

We find no merit in the contention that he is being punished by the board. He is confined in the penitentiary at Walla Walla under the authority of the judgment and commitment of the superior court upon the substantive charge of burglary in the second degree. As to that sentence, there is no question that all his rights to due process of law were accorded him.

The board does not confine inmates in the penitentiary. The warden does that by authority of the court's commitments. The authority of the board is limited to shortening the duration of the confinement when, in the exercise of its discretion, the purposes of the law are served thereby. *Lindsey v. State* (1937), 301 U.S. 397 at 400, 81 L. Ed. 1182, 57 S. Ct. 797; *In re Grieve v. Smith* (1946), 26 Wn. (2d) 156 at 159-60, 173 P. (2d) 168; *In re Pierce v. Smith* (1948), 31 Wn. (2d) 52 *et seq.,* 195 P. (2d) 112. It has no authority to enlarge or extend the term fixed by the court's commitment. Only by attempting to do so, would the board be exceeding its authority so that the aggrieved person could assert a confinement without due process of law.

The board, upon the changing of a previous order, is required by Rem. Rev. Stat. (Sup.), § 10249-2, to hear the inmate and the material witnesses he presents. Appellant's action was not brought to accomplish this. Instead, he seeks a reversal of the last order of the board, that is to say, he seeks a review of the discretion it has exercised, which is quite a different thing.

■ It is the over-all purpose of the law to give the authority and duty to the board to exercise its discretion as to the shortening of the term of imprisonment of each individual inmate in order to promote good discipline in the penitentiary and encourage his reformation. *State ex rel. Linden v. Bunge* (1937), 192 Wash. 245 at 247, 73 P. (2d) 516; *In re Grieve v. Smith, supra; In re Pierce v. Smith, supra.* To this end, it is required to make investigations along lines formulated by itself. See Rem. Rev. Stat. (Sup.), § 10249-3 [P.P.C. § 782-11], which provides:

"Duty of board—Effective investigations. To assist it in fixing the duration of a convicted person's term of confinement, prescribing treatment for such person while in confinement and supervising and regulating his or her activities while on parole, it shall not only be the duty of the board of prison, terms and paroles to thoroughly inform itself as to the facts of such convicted person's crime but also to inform itself as thoroughly as possible as to such convict as a personality. The board of prison, terms and paroles must, therefore, adopt and apply an effective technique of investigation to develop information for that purpose."

It must take into account the recommendations of the prosecuting attorney and the sentencing judge. The act intends that it shall gather information, by nonjudicial processes, which may throw light upon the advisability of following a particular course with regard to an inmate.

The appellant complains that he was not convicted in the superior court of the offenses committed during the period of his escape. These offenses may be properly taken into account by the board in determining the advisability of paroling the appellant because of the light they throw on his character and the probability of his reformation. Nevertheless, he is not being punished for them, even

though they have shown his unworthiness to receive certain benefits which were within the power of the board to confer. Indeed, the county authorities can place a hold order upon the appellant and try him in the superior court for those offenses after his present term has expired, and upon conviction, he can be sentenced for them. Reference to those offenses in the order revoking the first order is mere surplusage, since the substantive fact upon which the order of revocation is based is the violation of the prison rules, namely, his escape, which he does not deny.

The statute confers the power upon the board to revoke the former order. The necessary discipline of the penitentiary requires it. The term "good time" would be self-contradictory if one were entitled to it as a matter of right without regard to one's conduct. The discretionary power of the board as to the shortening of his term of confinement is a continuing one, which is terminated only by the expiration of his sentence under the commitment of the court.

■ We have elected to comment on the merits of this case because recurring similar contentions made by inmates of the penitentiary make a clarification of the law desirable. However, this action is subject to dismissal for want of an appeal bond if it be treated as a petition for a writ of mandamus, as it is denominated by the appellant. See Rem. Rev. Stat. § 1721 [P.P.C. § 5-15], and Rules of Court 5 (4) and 6 (1). *Public Utility Dist. No. 1 v. Girard,* 198 Wash. 149, 87 P. (2d) 287; *State ex rel. Fleming v. Cohn,* 12 Wn. (2d) 415, 121 P. (2d) 954.

■ On the other hand, if this action be treated as a petition for a writ of *habeas corpus* for the benefit of the appellant in order to invoke the *in forma pauperis* provisions of Rem. Supp. 1947, § 1085-1, there is a fatal defect of parties. The prisoner is not being held by the board, which is made a party hereto, but by the warden of the penitentiary, who is not a party. *Williams v. McCauley* (1940), 7 Wn. (2d) 1, 108 P. (2d) 822; *Fathers v. Smith* (1946), 25 Wn. (2d) 896 at 901, 171 P. (2d) 1012; *In re Mohr v. Smith* (1946), 26 Wn. (2d) 188 at 192, 173 P. (2d) 141.

For the reasons herein given, we hold the trial court did not err in refusing to issue the order sought.

It should be further noted that appellant cannot come to this court in this case except by writ of certiorari. See *State ex rel. Wilson v. Kay,* 164 Wash. 685, 4 P. (2d) 498.

The judgment is affirmed.

JEFFERS, C. J., BEALS, STEINERT, and HILL, JJ., concur.