[No. 5370–44256–1.   Division One.   November 14, 1977.]

THE CITY OF EVERETT, *Appellant*, v. ALAN VAN DYKE, *Respondent*.

*Richard J. Thompson, City Attorney,* and *Bradford N. Cattle, Assistant,* for appellant.

JAMES, J.—Pursuant to the provisions of Washington's public records disclosure statute, RCW 42.17.250 *et seq.,* respondent Alan Van Dyke requested the city clerk of the city of Everett to make the personnel file of a former city employee available to him for inspection and copying. The City sought and obtained a temporary injunction. As provided by RCW 42.17.340, the injunction order provided for an in camera examination by a superior court judge and fixed a date for hearing on the City's objections.

The City's objective was the issuance of a permanent injunction on the grounds that (1) as provided by RCW 42.17.330, the "examination would clearly not be in the

public interest" and (2) as provided by RCW 42.17-.310(1)(b), the examination would violate the "right to privacy" of the former employee.

The trial judge notified Van Dyke and the City that he had completed his in camera examination and directed an appearance before him. He met with the parties in chambers and advised them that no further hearing would be necessary and that he had prepared an order disposing of the matter. The order read as follows:

> The Court, pursuant to an order dated the 19th day of May, 1976, examined in camera the personnel records of Frank Patterson, and it appearing that there is nothing therein which would violate the privacy rights of Frank Patterson, or anyone else, Now, Therefore,
>
> IT IS HEREBY ORDERED that the plaintiff allow Allen [sic] Van Dyke to inspect or copy the personnel file of Frank Patterson pursuant to the request of said Allen [sic] Van Dyke dated May 17, 1976.

The judge then handed the personnel file to Van Dyke who took it from the judge's chambers. Van Dyke has filed neither an appearance nor a brief on appeal.

At oral argument, counsel for the City conceded that the issue on appeal was, in fact, moot. He also agreed that it is the general rule that "where only moot questions or abstract propositions are involved, or where the substantial questions involved in the trial court no longer exist, the appeal, or writ of error, should be dismissed." *Sorenson v. Bellingham,* 80 Wn.2d 547, 558, 496 P.2d 512 (1972).

However, the City urges that this case warrants an opinion on the issues involved.

■ We agree with the City's assertion that the case presents questions of continuing public interest and importance. And we agree that in appropriate circumstances, an appellate court should render an opinion even though the case at issue is moot. However, an important consideration in determining whether to ignore mootness is the quality of the advocacy upon which the court can rely. As suggested in *Deaconess Hosp. v. State Highway Comm'n,* 66 Wn.2d 378, 401, 403 P.2d 54 (1965), the determination to issue an

opinion should be made on a case–by–case basis and an important criterion should be that the case has been "tried in a genuinely adversary proceedings [*sic*] on truly justiciable issues . . ."

At no stage was this case presented in a "genuinely adversary" manner. For this reason, we decline the City's invitation to render an opinion upon the merits.

Dismissed.

CALLOW and ANDERSEN, JJ., concur.