[No. 46331. En Banc. December 24, 1980.]

*In the Matter of the Personal Restraint of*
JUDITH M. WILSON, *Petitioner.*

886

*Robert Adelman,* for petitioner.

*Slade Gorton, Attorney General,* and *Nate D. Manna-kee, Assistant,* for respondent.

UTTER, C.J.—Defendant was convicted, under RCW 9A.32.070(1), of second degree manslaughter in connection with a stabbing death. The jury also found that defendant was armed with a deadly weapon, a knife, as that term is defined in RCW 9.95.040(2). Initially, the Board of Prison Terms and Paroles (hereafter Board) imposed a mandatory minimum sentence of 7 1/2 years under RCW 9.95.040(2) in that the Board first considered defendant a "person previously convicted of a felony". The Board later determined that defendant was not a "person previously convicted of a felony" and reduced the minimum sentence to 5 years under RCW 9.95.040(1).

This action was instituted while the 7 1/2–year minimum sentence was in effect. The issue is whether RCW 9.95-.040(2) empowers the Board to set a 7 1/2–year mandatory minimum sentence for a class C felony committed with a deadly weapon for which RCW 9A.20.020(1)(c) prescribes a 5–year maximum sentence. We hold that it does not.

■ While this action might be deemed moot after the Board revised the minimum sentence, where the case involves a question of substantial public interest and would probably reoccur, we have nonetheless retained the case. *Hartman v. State Game Comm'n,* 85 Wn.2d 176, 532 P.2d 614 (1975); *Sorenson v. Bellingham,* 80 Wn.2d 547, 496 P.2d 512 (1972). This case meets those criteria.

The minimum sentence authorized under RCW 9.95-.040(2) and the maximum sentence authorized under RCW 9A.20.020(1)(c) are in conflict. RCW 9.95.040 reads in part:

Within six months after the admission of a convicted person to the penitentiary, reformatory, or such other state penal institution as may hereafter be established, the Board of Prison Terms and Paroles shall fix the duration of his confinement. The term of imprisonment so fixed shall not exceed the maximum provided by law for the offense of which he was convicted or the maximum fixed by the court where the law does not provide for a maximum term.

The following limitations are placed on the Board of Prison Terms and Paroles with regard to fixing the duration of confinement in certain cases, notwithstanding any provisions of law specifying a lesser sentence, to wit:

. . .

(2) *For a person previously convicted of a felony* either in this state or elsewhere and *who was armed with a deadly weapon* at the time of the commission of his offense, *the duration of confinement shall not be fixed at less than seven and one–half years.*

(Italics ours.)

RCW 9A.20.020(1) reads in part:

Every person convicted of a classified felony shall be punished as follows:

. . .

(c) For *a class C felony,* by imprisonment in a state correctional institution for a *maximum term of not more than five years . . .*

(Italics ours.)

Respondent Board maintains that it must impose the specified mandatory minimum regardless of a maximum fixed by statute or by the court which is less than the mandatory minimum. We disagree.

■■ Statutes concerning the same subject matter must be read together. *Goodman v. Bethel School Dist. 403,* 84 Wn.2d 120, 524 P.2d 918 (1974); *St. Peter v. Rhay,* 56 Wn.2d 297, 352 P.2d 806 (1960). When RCW 9.95.040 is read in conjunction with the other provisions of RCW 9.95, it appears that the legislative scheme is that the Board has no authority to fix a minimum term greater than the maximum.

When a person is convicted of a felony, the court, according to statute, sets the maximum term to be served. RCW 9.95.010. Then, after admission to a state institution, the Board fixes the duration of confinement. RCW 9.95.040. The Board's authority, however, is limited to prescribing the mode, manner and duration of the sentence, within the maximum imposed. *See Honore v. State Bd. of Prison Terms & Paroles,* 77 Wn.2d 697, 466 P.2d 505 (1970); *Wyback v. State Bd. of Prison Terms & Paroles,* 32 Wn.2d 780, 203 P.2d 1083. (1949). It "has no statutory or other power to reduce, increase or alter the maximum sentence." *Honore,* at 700.

In certain cases, RCW 9.95.040 requires the Board to set mandatory minimum penalties. This portion of the statute grants no new power to the Board, but limits its discretion. The mandatory minimum penalty is "simply an incident of the maximum sentence". *Jansen v. Morris,* 87 Wn.2d 258, 263, 551 P.2d 743 (1976).

Other provisions of the statutory scheme reveal an intent that the Board have no authority to increase the maximum term. RCW 9.95.100 expressly provides

[a]ny convicted person . . . *shall . . . be discharged* from custody on serving the maximum punishment provided by law for the offense of which such person was convicted, or the maximum term fixed by the court . . .

(Italics ours.) *See also* RCW 9.95.080; 9.95.121; 9.95.125.

Respondent urges that the phrase "notwithstanding any provisions of law specifying a lesser sentence," in RCW 9.95.040, requires it to impose the specified mandatory minimum even though it exceeds the maximum term. This phrase must be read in the context of the entire statute, however, and RCW 9.95.040 provides that "[t]he term of imprisonment so fixed shall not exceed the maximum". The phrase on which respondent relies is directed to limitations on the Board's power. Thus, RCW 9.95.040 is limited in its application to other statutes which allow less onerous mandatory minimum sentences. *See, e.g.,* RCW 9A.44.040(2).

The sentence for a class C felony therefore cannot exceed 5 years and petitioner's writ of habeas corpus should be granted.

ROSELLINI, STAFFORD, BRACHTENBACH, HOROWITZ, DOLLIVER, HICKS, and WILLIAMS, JJ., concur.