[No. 54642–8.   En Banc.   August 18, 1988.]

LINDA HART, *Petitioner*, v. THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, *Respondent.*

*Robert A. Izzo,* for petitioner.

*Kenneth O. Eikenberry, Attorney General,* and *Morton A. Tytler, Assistant,* for respondent.

DOLLIVER, J.—Plaintiff Linda Hart challenges the constitutionality of the procedures under which she was denied an unconditional paramedic certificate. We dismiss the appeal as moot and decline to invoke the continuing and substantial public interest exception as plaintiff urges.

Linda Hart was initially certified as a paramedic in 1982. Certification as a physician's trained mobile intensive care paramedic (paramedic) is a limited license to practice medicine under the supervision of a licensed medical doctor. Department of Social and Health Services (DSHS) is authorized to certify paramedics. RCW 18.71.200(3)(c). Initial certification is valid for 2 years. RCW 18.71.205(2). Recertification for another 2 years is granted "upon proof of continuing satisfactory performance and education". RCW 18.71.205(3). The specific criteria for recertification are set forth in WAC 248–15–080(2).

Linda Hart's initial certification was to expire on October 31, 1984. In seeking recertification, Hart requested a recommendation from her emergency medical services (EMS) medical program director whose recommendation is an element of recertification. WAC 248–15–080(2)(c). Concerned with Hart's abilities and skills, the medical program director recommended DSHS issue her a 6–month modified certificate. DSHS issued a modified paramedic certificate to Hart, allowing her to work only under supervision until her EMS medical program director removed the condition.

Hart appealed the issuance of the modified certificate to DSHS as a contested case. An administrative law judge affirmed the issuance of the modified certificate. A DSHS review judge refused to review the decision. The Pierce

County Superior Court affirmed. Hart's appeal to Division Two of the Court of Appeals was dismissed as moot by the Court Commissioner because Hart's modified certificate had expired June 30, 1987. The Commissioner held that, even if the court found for Hart, the court could not require DSHS to issue a new unconditional certificate. After Hart's motion to modify the Commissioner's order was denied, she petitioned this court for discretionary review, which we accepted.

Hart argues WAC 248-15-080(2) is void for vagueness; is an unlawful delegation of legislative authority; does not authorize EMS medical program directors to independently investigate paramedics; and the application of the regulation denied her due process. As recognized below, the only issue not controlled by settled law and not clearly lacking in merit is whether DSHS denied Hart due process by modifying her paramedic certificate as recommended by Hart's EMS medical program director. Hart asserts the recommendation from her medical program director is binding upon DSHS under the regulation and, because this decision is unreviewable, she has been denied due process. Hart's due process claim is moot because the limited certificate in question has expired and this court can no longer provide an effective remedy by ordering the issuance of an unconditional certificate. *See In re Cross,* 99 Wn.2d 373, 377, 662 P.2d 828 (1983).

"It is a general rule that, where only moot questions or abstract propositions are involved, . . . the appeal . . . should be dismissed." *Sorenson v. Bellingham,* 80 Wn.2d 547, 558, 496 P.2d 512 (1972). A recognized exception to this general rule lies within the court's discretion when "matters of continuing and substantial public interest are involved." *Sorenson,* at 558.

The use of the continuing and substantial public interest exception in moot cases has increased significantly in the last 15 to 20 years. Apparently first used in Washington in 1937 to issue a decision in a moot case, *State ex rel. Yakima Amusement Co. v. Yakima Cy.,* 192 Wash. 179,

183, 73 P.2d 759 (1937), the exception has been used in moot cases at least 34 times by Washington appellate courts. The exception also seems to have been rejected by a majority or advocated by a dissent in another 14 cases. The overwhelming number of these cases has arisen since 1965, with over half of all the public interest exception cases arising in the 1980's.

After finding the exception inapplicable in two moot cases in 1939 and 1942, the exception was not used again until 1965. *See National Elec. Contractors Ass'n v. Seattle Sch. Dist. 1,* 66 Wn.2d 14, 400 P.2d 778 (1965) (statutory interpretation of school district's bidding procedures); *Deaconess Hosp. v. State Hwy. Comm'n,* 66 Wn.2d 378, 399, 403 P.2d 54 (1965) (statutory interpretation of authority to plan site of million–dollar highway construction project).

█ In 1972, this court adopted criteria to consider in deciding whether a matter, though moot, is of continuing and substantial public interest and thus reviewable. *See Sorenson v. Bellingham, supra* (constitutional challenge to ordinance requiring property ownership as a qualification for certain elected offices). The three factors considered essential are: (1) whether the issue is of a public or private nature; (2) whether an authoritative determination is desirable to provide future guidance to public officers; and (3) whether the issue is likely to recur. *In re Cross, supra* at 377 (citing *Sorenson v. Bellingham,* at 558). Arguably a fourth factor exists, that being the level of genuine adverseness and the quality of advocacy of the issues. *See Washington State Comm'l Passenger Fishing Vessel Ass'n v. Tollefson,* 87 Wn.2d 417, 419, 553 P.2d 113 (1976) (mootness exception not used though applicable because issues inadequately presented); *Everett v. Van Dyke,* 18 Wn. App. 704, 705–06, 571 P.2d 952 (1977) (mootness exception not used though applicable because parties not genuinely adverse). *Cf. Orwick v. Seattle,* 103 Wn.2d 249, 253, 692 P.2d 793 (1984) (mootness exception not used because case became moot before trial). *But cf. Seattle v.*

*State,* 100 Wn.2d 232, 250, 668 P.2d 1266 (1983) (Rosellini, J., dissenting) (asserting that a different fourth factor exists; the likelihood issues in short–lived controversies will escape review).

Since *Sorenson,* the Supreme Court has used the exception to issue decisions in 24 moot cases, 15 of these in the 1980's. The Court of Appeals has used the exception in seven moot cases since *Sorenson,* six times in the 1980's. Since 1972 eight cases in the Supreme Court have otherwise discussed but not applied the exception, six of these in the 1980's. Three cases in the Court of Appeals have otherwise discussed but not applied the exception since 1972.

The continuing and substantial public interest exception has been used in cases dealing with constitutional interpretation, *see, e.g., Federated Publications, Inc. v. Kurtz,* 94 Wn.2d 51, 54, 615 P.2d 440 (1980); the validity and interpretation of statutes and regulations, *see, e.g., In re Wilson,* 94 Wn.2d 885, 887, 621 P.2d 151 (1980); and matters deemed sufficiently important by the appellate court, *see, e.g., In re Bowman,* 94 Wn.2d 407, 411, 617 P.2d 731 (1980).

Most of the public interest exception cases fall into the first two categories as they tend to present issues which are more public in nature and are more likely to arise again. Further, decisions involving the constitution and statutes generally help to guide public officials. The public interest exception has not been used in statutory or regulatory cases that are limited on their facts, *see, e.g., Harvest House Restaurant, Inc. v. Lynden,* 102 Wn.2d 369, 685 P.2d 600 (1984) (ordinance limiting sale of liquor only one existing in the state); *Tri–State Constr. Co. v. Seattle,* 14 Wn. App. 476, 478–79, 543 P.2d 353 (1975) (specific statute authorizing Seattle to award public contracts in contravention of city charter when required by federal development programs), or involve statutes or regulations that have been amended. *See, e.g., Foisy v. Wyman,* 83 Wn.2d 22, 33, 515 P.2d 160 (1973); *Grays Harbor Paper Co. v. Grays Harbor Cy.,* 74 Wn.2d 70, 73, 442 P.2d 967 (1968).

The third category includes cases taken by the appellate courts within their discretion because of the importance of the issues involved. *See, e.g., In re Bowman, supra* (case involving definition of death); *Seattle v. State, supra* (public campaign financing and election limit ordinance in Seattle); *Mall, Inc. v. Seattle,* 108 Wn.2d 369, 386, 739 P.2d 668 (1987) (Seattle's building and zoning ordinances; opinion written but not yet published when case mooted by settlement); *Purchase v. Meyer,* 108 Wn.2d 220, 229–30, 737 P.2d 661 (1987) (negligence of a third party supplying liquor to a minor; opinion written but not yet published when case mooted by settlement); *Cathcart–Maltby–Clearview Comm'ty Coun. v. Snohomish Cy.,* 96 Wn.2d 201, 208, 634 P.2d 853 (1981) (large development project and Environmental Impact Statement requirements); *Leonard v. Bothell,* 87 Wn.2d 847, 848, 557 P.2d 1306 (1976) (referendum to repeal city ordinance).

The use of the public interest exception has increased greatly in recent years without rigorous examination and application of the *Sorenson* criteria to the facts of each case to justify the exception. *See, e.g., Hartman v. State Game Comm'n,* 85 Wn.2d 176, 178, 532 P.2d 614 (1975); *Department of Ecology v. Adsit,* 103 Wn.2d 698, 705, 694 P.2d 1065 (1985); *Bresolin v. Morris,* 88 Wn.2d 167, 169, 558 P.2d 1350 (1977); *Seattle v. State, supra* at 237. The increased use of the exception threatens to swallow the basic rule of not issuing decisions in moot cases. Actual application of the *Sorenson* criteria to each case where the exception is urged is necessary to ensure that an actual benefit to the public interest in reviewing a moot case outweighs the harm from an essentially advisory opinion.

The public interest exception does not apply in this case. None of the three essential *Sorenson* factors exist to justify use of the exception. Although the case initially appears to deal with issues of a public nature because it pertains to

certification of emergency health care personnel, it is actually a private dispute. Hart's real dispute is with the recommendation she received from her EMS medical program director.

Hart's only issue not clearly lacking in merit is a due process challenge to the application of the regulation of DSHS requiring the recommendation of the EMS medical program director. A decision on Hart's due process claim, however, is limited to the facts of the present case and takes this case out of the public interest exception. A decision on these facts will be of little use to any other EMS medical program directors throughout the state, or to DSHS, and there is little likelihood of these same facts recurring. This case is the only instance where DSHS has ever issued a modified certificate. Any future challenges to a recommendation or use of a modified certificate in the recertification of a paramedic, if ever any occur, will have to be examined and fully litigated on the facts of that particular case.

Decisions of moot cases with limited fact situations provide little guidance to other public officials. *See Harvest House Restaurant, Inc. v. Lynden, supra.* The use of the public interest exception in the present moot case is not justified under the factors in *Sorenson,* and we decline to invoke the exception on these limited facts to issue an essentially advisory opinion.

Hart also urges us to adopt the "capable of repetition, yet evading review" exception to mootness adopted by the United States Supreme Court. *See Murphy v. Hunt,* 455 U.S. 478, 482, 71 L. Ed. 2d 353, 102 S. Ct. 1181 (1982); *Southern Pac. Terminal Co. v. Interstate Commerce Comm'n,* 219 U.S. 498, 515, 55 L. Ed. 310, 31 S. Ct. 279 (1911). We decline at this time. Even if we were to adopt this exception to the general rule against issuing decisions in moot cases, such an exception would not be proper here.

The Supreme Court has stated "a mere physical or theoretical possibility" is not enough to meet the "capable of repetition, yet evading review" standard. *Murphy v. Hunt, supra* at 482. It has required a "'reasonable expectation' or a 'demonstrated probability' that the same controversy will recur involving the same complaining party." *Murphy v. Hunt, supra* at 482 (quoting *Weinstein v. Bradford*, 423 U.S. 147, 149, 46 L. Ed. 2d 350, 96 S. Ct. 347 (1975)). The likelihood of Hart's dispute recurring does not rise to a sufficient level of probability. After the expiration of her modified certificate, Hart did not seek recertification. To presume that her same dispute with DSHS over the issuance of a modified certificate would recur would be speculative and certainly not a reasonable expectation.

The appeal is dismissed.

PEARSON, C.J., and UTTER, BRACHTENBACH, DORE, ANDERSEN, CALLOW, and DURHAM, JJ., concur.