IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| KIMBERLY MAY, | ) | |
| | ) | No. 33305-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARK SCOPA, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Mark Scopa appeals from a domestic violence protection order granted to Kimberly May, challenging the sufficiency of the evidence to support the order. Since the order has now expired and the question of evidentiary sufficiency does not present an issue of public importance, we dismiss the appeal as moot.

FACTS

Ms. May and Mr. Scopa dated for nearly two years between October 2012 and the fall of 2014. During some of that time Mr. Scopa lived in Ms. May's residence with her. After some incidents, he was asked to move out. He declined to leave despite multiple requests over a several week period. Eventually he did leave the property on September 22, 2014, after police were called to escort him from the residence.

The couple had occasional contact after that, but eventually Ms. May told Mr.

Scopa that she did not want to receive any further communications from him.

Nonetheless, he sometimes contacted her after that point, ostensibly to recover property

he still had at her home. After additional unwanted contacts during the winter of 2014,

Ms. May applied for a domestic violence protection order.

Ms. May represented herself before a Commissioner of the Benton County

Superior Court, while Mr. Scopa retained counsel to oppose the petition. The petition

alleged that Ms. May was the victim of domestic violence. In support of the petition, she

filed a "Statement" that reported the incidents of contact in reverse chronological order

dating back to the time she first asked him to leave the residence. Counsel for Mr. Scopa

filed a memorandum in opposition along with declarations from Mr. Scopa and others.

The Commissioner heard argument and granted the protection order. He explained his

ruling:

> It does appear to the Court that by Mr. Scopa's behaviors those both
> when the parties lived together and after they separated, um, causes Ms.
> May some serious concerns for her own safety and well being. Um, his
> intentions may be different than what she perceived them to be but when he
> went to the nursing floor seeking to see her it scared her to death. Now he
> doesn't understand that. He says I'm there to seek forgiveness but because
> of the interactions between these two and the fact that she wants to be left
> alone and he won't leave her alone, she gets fearful. Um, irrational or
> otherwise it's still a fear that she has and its harm to her. I am gonna grant
> the order in this matter for a period of one year that the parties to have no
> contact with each other during that time period. Um, hopefully at the end
> of that year that that will resolve the issue and Mr. Scopa will demonstrate

2

by his behaviors that he will not have contact with Ms. May or attempt to have contact with her.

Report of Proceedings at 9. A one-year order of protection issued on April 3, 2015.

Mr. Scopa appealed to this court. A panel considered the case without oral argument on April 27, 2015. Noting that the protection order had expired earlier in the month, the panel wrote the parties to learn whether the order had been extended and, if not, whether the case was moot.

Both parties agreed the order had not been extended. Ms. May believed the matter moot. Mr. Scopa thought the case moot, but argued that it still should be heard because it presented issues of public interest.

## ANALYSIS

Mr. Scopa's appeal challenges the sufficiency of the evidence to support two elements of the domestic violence protection order. Because these specific questions do not raise an issue of public interest, we decline to resolve his challenges because we can provide no relief to him.

A domestic violence protection order is available to anyone alleging that he or she has been the victim of domestic violence or that a minor family or household member has been the victim of domestic violence. RCW 26.50.020. The petitioner must attach an affidavit to the petition, outlining the facts that justify the protection order. RCW 26.50.030. After notice and a hearing, the court may grant the order of protection. RCW

3

26.50.060. In granting the order, the court may restrain the respondent from committing domestic violence, from entering the petitioner's residence or workplace, and from contacting the petitioner. RCW 26.50.060(1); *Spence v. Kaminski*, 103 Wn. App. 325, 331, 12 P.3d 1030 (2000). If an order is entered, the order can be extended if a petition is filed prior to the expiration of the existing order. RCW 26.50.060(3). An appellate court reviews the issuance of a domestic violence protection order for abuse of discretion. *Hecker v. Cortinas*, 110 Wn. App. 865, 869, 43 P.3d 50 (2002). A trial court abuses its discretion if it exercises discretion on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

The petition and affidavit must allege that "the person has been the victim of domestic violence committed by the respondent." RCW 26.50.020. The corresponding definitional statute outlines three different "means" of committing "Domestic violence":

> (a) Physical harm, bodily injury, assault, or the infliction of fear of imminent physical harm, bodily injury or assault, between family or household members; (b) sexual assault of one family or household member by another; or (c) stalking as defined in RCW 9A.46.110 of one family or household member by another family or household member.

RCW 26.50.010(3). Only parts (a) and (c) are relevant to this appeal.

An appeal is moot where the court cannot grant effective relief. *In re Det. of LaBelle*, 107 Wn.2d 196, 200, 728 P.2d 138 (1986). Nonetheless, an appellate court will consider a moot case when it involves "matters of continuing and substantial public interest." *Sorenson v. Bellingham*, 80 Wn.2d 547, 558, 496 P.2d 512 (1972). Three

4

No. 33305-1-III
*Scopa v. May*

factors to be considered in meeting the *Sorenson* test include (1) whether or not the matter is of a private or public nature, (2) the need for guidance to public officials, and (3) whether the problem is likely to recur. *In re Cross*, 99 Wn.2d 373, 377, 662 P.2d 828 (1983).

> We have noted previously in an analogous context that:
>
> Cases involving mental health procedures, as both *Cross* and *LaBelle* demonstrate, frequently present exceptions to the mootness doctrine. The brief time frames involved in bringing a commitment case to trial, and the comparatively short duration of most commitment orders, mean that few cases will not be moot when considered by an appellate court. Nonetheless, the large number of commitment proceedings indicates that judicial resolution of problems that do arise is important to proper functioning of our mental health system.

*In re Det. of C.M.*, 148 Wn. App. 111, 115, 197 P.3d 1233, *review denied*, 166 Wn.2d 1012 (2009). Domestic violence protection orders have much in common with mental health procedural issues. There are a large number of protection order cases and the orders frequently are of shorter duration than the typical appeal to this court.

Nonetheless, this case does not satisfy the *Sorenson* requirements. As explained in *Hart v. Department of Social & Health Services*, 111 Wn.2d 445, 448, 759 P.2d 1206 (1988), all three factors are considered "essential" to justify consideration of a moot case. None of those factors significantly weigh in favor of finding this a case of public importance.

5

First, the dispute is of a private nature between private parties. Second, these facts do not clearly present an issue on which guidance is needed. Mr. Scopa argues that the Commissioner found that Ms. May's fear of him was "irrational," but still granted the protection order, a fact that justifies review in order to provide guidance to the trial courts. While we agree that providing an answer to the question of whether an irrational fear would justify a protection order is one that would provide guidance to the trial courts, we are uncertain whether that in fact happened here. The trial court did not enter formal findings and its off-hand description ("irrational or otherwise") did not squarely conclude that an irrational fear would itself support a protection order. Thus, while this factor somewhat favors reviewing the issue, it is not as clear cut as Mr. Scopa contends.

The third *Sorenson* factor is whether the problem presented is likely to recur. That factor is not satisfied in this case. Domestic violence protection orders have been in existence for over two decades, but nothing in our experience or in the reported cases suggest that this argument has arisen before, let alone often enough that it recurs. All three of the "essential" *Sorenson* factors do not favor categorizing this case as one of public importance justifying review of an expired order.

This case would not have been moot if the order had been renewed. One effect of renewing an existing order is that the burden shifts to the respondent to show that it is no longer needed. RCW 26.50.060(3). Thus, the original order is still in effect and at issue

No. 33305-1-III
*Scopa v. May*

when it is renewed. This appeal could have afforded some relief to Mr. Scopa if we had accepted his argument.

Since the order has expired, we can provide no relief and the case is moot. This appeal, therefore, is dismissed. Neither party shall be awarded costs.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Lawrence-Berrey, A.C.J.

_____
Pennell, J.

7