[No. 3820–1. Division One. July 3, 1978.]

THE STATE OF WASHINGTON, *Respondent*, v. DAVID W. HANSON, *Appellant*.

*Morris H. Rosenberg,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney, Frederick L. Yeatts, Deputy,* and *Marilyn Nowogroski, Legal Intern,* for respondent.

DORE, J.—David Hanson was convicted by a jury of rape and sodomy. He appeals; we affirm.

## ISSUES

ISSUE 1: Whether defendant was incompetent during a short period during his rape trial, wherein he laughed and conducted himself improperly during the victim's testimony and, therefore, the court erred in not granting defendant a new trial?

ISSUE 2: Whether defendant was denied the effective assistance of counsel during this claimed incompetency period because his attorney was endeavoring to shield him from the jury and allegedly was not following the court testimony?

ISSUE 3: Whether the jury was properly instructed on the defendant's affirmative defense of "consent?"

## FACTS

The circumstances of the incident from which the charges against Hanson arose are not relevant to this appeal. The factual issues before us arise from what took place in the courtroom during the afternoon of the second day of Hanson's trial.

During the time between the court's afternoon recess and its adjournment for the day (a period of approximately 1 hour), the victim testified on direct examination concerning the ordeal she had undergone. The verbatim report of proceedings covering this portion of her testimony does not reflect any unusual occurrences; no motions were made, recesses requested, or side–bar conferences proposed by counsel. On the following morning prior to the resumption of testimony, a discussion took place in chambers concerning Hanson's behavior on the previous afternoon. The court and both counsel agreed that they had observed certain "inappropriate" behavior during the victim's testimony, including smiling or grimacing, laughing, slumping far down in his chair, and stomach convulsions. Defense counsel stated that she had attempted to shield her client from the jury's view during this period and later asserted that this activity prevented her from hearing the testimony and taking notes.

The court and counsel proceeded to conduct a voir dire examination of Hanson. A psychiatrist who had treated Hanson in the county jail was in court as an observer. Based on his own observation of Hanson's responses and the psychiatrist's advice, the court recessed until the following Monday to give Hanson a 3–day weekend to reduce his level of stress.

On Monday, defense counsel raised a question of competency under RCW 10.77.060. An accused is "incompetent" when by reason of mental disease or defect, he lacks the capacity to understand the nature of the proceedings against him or to assist in his own defense. RCW 10.77.010(6). Two psychiatrists examined Hanson and reported their findings in oral testimony before the court in compliance with the statute. A defense motion to declare a mistrial was denied, the court ruling that despite his inappropriate behavior the previous Thursday, Hanson had been competent throughout the trial. The trial proceeded to Hanson's conviction.

## Decision

Issue 1: Temporary incompetency of defendant?

Hanson first contends that he was incompetent to stand trial during the period of his inappropriate and unusual behavior and that the court erred in refusing his motion to declare a mistrial on that basis.[1] We disagree.

▪ The determination that an accused is competent to stand trial is within the discretion of the trial court, and will not be reversed on appeal absent manifest abuse of discretion. *State v. Johnston,* 84 Wn.2d 572, 527 P.2d 1310 (1974); *State v. Eldridge,* 17 Wn. App. 270, 562 P.2d 276 (1977). The trial court correctly interrupted proceedings when the question of defendant's competency was raised under RCW 10.77.060. It ordered the examination of Hanson by two psychiatrists and heard their findings by oral testimony in compliance with the statute. Our examination of the record, including the psychiatrists' testimony, convinces us that the trial court applied the proper standard under RCW 10.77.010(6) and was well within its discretion in finding Hanson competent. We defer to the trial court's determination because he was able to personally observe the particular behavior which is claimed to have demonstrated incompetency.

▪ Hanson also argues that he was entitled to a declaration of mistrial because his inappropriate courtroom behavior prejudiced the jury, citing *State v. Murphy,* 56 Wn.2d 761, 355 P.2d 323, 83 A.L.R.2d 1061 (1960). That case involved the administration of drugs to a defendant, on trial for his life, who took them from persons in apparent authority and without knowledge of their probable effects. It is factually distinguishable from the present case, which involves the behavior of a competent defendant whose behavior, if not completely within his control, was not improperly affected by external circumstances. Cases

---

[1]Because Hanson limits his argument of incompetency to the approximately 1–hour period during which he exhibited his inappropriate behavior, we do not consider the question of his competency at any other time during the trial.

where the appearance of the accused before the jury is marred by some mental, physical, or emotional impairment must be decided on their own facts. *State v. Murphy, supra.* Considering the nature of the impairment, its source, and the fact that no timely effort was made by defense counsel to allow the trial court to alleviate whatever prejudice may have been created by Hanson's behavior, we decline to grant a new trial on this basis.

ISSUE 2: Effective assistance of counsel.

Hanson also seeks a new trial claiming he was denied the effective assistance of counsel at a crucial stage of the trial because his counsel was engaged in shielding him from the jury's view and could not follow the prosecuting witness' testimony or take notes for that period of time.

The Sixth Amendment guarantees every defendant "reasonably effective representation." *Cooper v. Fitzharris,* 551 F.2d 1162 (9th Cir. 1977). The test is: after considering the entire record, can it be said that the accused was afforded an effective representation and a fair and impartial trial. *State v. Myers,* 86 Wn.2d 419, 545 P.2d 538 (1976). We have carefully compared the testimony defense counsel allegedly missed and her cross–examination of the same witness. The record reveals that counsel had a more than adequate recollection of the prior testimony and was able to conduct a competent cross–examination. Therefore, we reject Hanson's argument that he was denied the effective assistance of counsel.

ISSUE 3: Instructing on consent of victim.

Hanson next assigns error to the trial court's failure to instruct the jury on the issues of force, resistance, and consent. He argues that consent was his sole defense, that there was evidence to support it, and that the failure to instruct affirmatively and specifically on his sole defense denied him a fair trial and violated his constitutional right to due process of law. Hanson's argument must fail because the instructions he now urges on this court were not

requested below. The fundamental rule is that no error can be predicated on the failure of the trial court to give an instruction when no request for such an instruction was ever made. *State v. Kroll,* 87 Wn.2d 829, 558 P.2d 173 (1976); *State v. Carter,* 4 Wn. App. 103, 480 P.2d 794 (1971).

Hanson attempts to bring his case within the exception to the rule, *i.e.,* that a reviewing court may find reversible error if a constitutional right was violated by the failure to instruct. *State v. Floyd,* 11 Wn. App. 1, 521 P.2d 1187 (1974). But it cannot be maintained that he was denied the right to put on his defense. The trial court instructed the jury as follows:

> (4) That said act [of sexual intercourse] was committed against her will and without her consent by:
> (a) Her resistance being forcibly overcome *or*
> (b) Her resistance being prevented by fear of immediate and great bodily harm which she had reasonable cause to believe would be inflicted upon her . . .

The test of sufficiency of instructions on the theory of the case is whether they allowed counsel to satisfactorily argue his or her theory of the case to the jury. *State v. Dana,* 73 Wn.2d 533, 439 P.2d 403 (1968). Because the instruction given by the court meets this test, we hold that the trial court did not err in declining to give additional instructions where none were requested.

Affirmed.

FARRIS, C.J., and WILLIAMS, J., concur.

Petition for rehearing denied October 17, 1978.

Review denied by Supreme Court February 16, 1979.