# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON, )
                    )    No. 71628-0-I
        Respondent, )
                    )    DIVISION ONE
       v. )
                    )    UNPUBLISHED OPINION
DARYL LAMAR BERRY, )
                    )
        Appellant. )    FILED: June 15, 2015

TRICKEY, J. — Evidence of prior domestic violence committed by a defendant is not admissible to bolster a complainant's credibility when the complainant has not recanted or made inconsistent statements. Here, the complainant's credibility had not been called into question, and the State concedes that the trial court erred in admitting prior bad acts for credibility. However, the erroneous admission of ER 404(b) evidence is nonconstitutional error; and, where, as here, there was no probability that the outcome of the trial would have been different, the error was harmless. Accordingly, we affirm the conviction. But because the trial court miscalculated the defendant's offender score, we remand for resentencing.

## FACTS

Daryl Berry and Jessica Stump were romantically involved for several years and had two children together. Stump testified that her relationship with Berry made her feel the happiest and the worst in her life. While testifying, she recounted an incident where Berry started punching her while driving her and the children. Berry pulled over to the side of the road, ripped her shirt off over her head, and pushed her out of the car. She was left on the side of the road with her children. As a result, she obtained a restraining order against Berry. Stump identified the no contact order admitted at trial as the order

she had obtained. After this March 22, 2013 order, she continued to be friendly because they had children together.

Stump had moved to the Burien address in November 2012. This was the residence Stump and her children were living in at the time the court issued the no contact order. Stump testified that Berry did not have a key to the apartment.

On May 2, 2013, Stump was at home when she heard Berry banging loudly on her door for over 45 minutes. When she thought he had finally gone, she prepared to leave the apartment. As she opened the door halfway, Berry struck her, knocking her back to the floor. A struggled ensued with Stump smashing a picture frame over Berry's head. She was able to open the balcony door and shout outside for help. A passerby dialed 911. Stump's 9-year-old daughter also called 911.

Deputy Sheriff Benjamin Miller responded to the 911 calls. The deputy separated Stump and Berry, who was bleeding from his head. The deputy first spoke with Berry who denied that Stump was the person who had hit him. Berry claimed that the women who had hit him in the head had run off. The deputy then spoke with Stump who was crying and upset. He observed marks on her wrists and a big lump behind one of her ears. Stump told the deputy that Barry had hit her and that she thought she was going to die. The deputy learned that Stump had a no contact order that Berry had received in open court on March 22, 2013. The deputy arrested Berry.

Berry testified that he had resided with Stump at the apartment. He denied knocking on Stump's door that day and claimed that he entered the apartment with his own key. Berry denied hitting Stump and claimed that she had no visible injuries when he left to speak with Deputy Miller. Berry also denied knowing that there was a no contact

order prohibiting him from contacting Stump. He denied that the signature on the no contact order was his, although on cross-examination he admitted that he had been in court on March 22, 2013, when the order was issued. Berry stated that it was an "Assault IV – wasn't even much a DV [(domestic violence)]."[1] Berry then testified that it was an incident in 2002 that provided a basis for a no contact order, not the one at issue here. Berry then stopped testifying.

A jury found Berry guilty as charged of one count of first degree burglary - domestic violence, based on assault, and one count of felony violation of a no contact order - domestic violence, based on assault. And in a bifurcated trial, the jury found the State had proved the aggravating circumstances that Berry had committed the offenses shortly after being released from incarceration.

The trial court sentenced Berry to the standard range for both offenses. Berry appeals.

## ANALYSIS

Berry appeals, contending that the trial court erred in admitting evidence of prior assaults for the purpose of assessing Stump's credibility when her testimony was consistent with her complaint. Berry also contends that the trial court improperly added two points to his offender score in calculating his sentence.

I. ER 404(b)

Before trial, the trial court granted the State's ER 404(b) motion to admit evidence of Berry's prior acts for purposes of assessing Stump's credibility. ER 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It

---

[1] 7 Report of Proceedings (RP) at 72.

may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The trial court admitted the evidence to support the credibility of the witness. Under State v. Gunderson, 181 Wn.2d 916, 337 P.3d 1090 (2014), the State concedes that the trial court erred in admitting the evidence, but argues that any error was harmless.

Erroneous admission of evidence is reviewed for nonconstitutional harmless error. Gunderson, 181 Wn.2d at 926. Improper admission of evidence constitutes harmless error if the evidence is of minor significance in reference to the overall, overwhelming evidence and did not affect the outcome of the trial. State v. Jackson, 102 Wn.2d 689, 695, 689 P.2d 76 (1984).

Here, it is reasonably probable that the admission of the prior domestic violence did not materially affect the outcome of the trial. The jury heard from both Stump and Berry as well as the deputy who arrived shortly after the incident. The 911 recording played to the jury captured a frantic female, crying before the police arrived.

Deputy Miller's testimony at trial established that the account Stump gave at the scene was consistent with Stump's testimony at trial. Berry's testimony, on the other hand, was not corroborated. At the scene, he told the deputy it was someone other than Stump who had hit him in the head.

Berry's testimony, unlike Stump's, was replete with contradictions and evasions. Berry claimed he had a key to the apartment and that the police took it. He told the deputy that he knew about the no contact order, but testified that he was not aware of it. The no contact order contained Berry's signature, which was similar to that found on his driver's license. There was no evidence that he had a key.

Moreover, Berry's own testimony indicated that he assaulted Stump in 2002. Further, Berry admitted that he was in court, but that the judge only told him to stay away from Stump and did not tell him that he could not go to the residence. Given Berry's erratic testimony and Stump's testimony corroborated by the 911 calls and the deputy, there is no reasonable probability that the jury's verdict would have been different had the ER 404(b) evidence not been admitted. Additionally, because the court gave a limiting instruction on the erroneously admitted ER 404(b) evidence, the jury could only consider it to weigh Stump's credibility, which was supported by the deputy and the 911 calls. See State v. Stein, 144 Wn.2d 236, 247, 27 P.3d 184 (2001) (jury presumed to follow the instructions).

II. Offender Score Calculation

Under the Sentencing Reform Act of 1981, chapter 9.94A RCW, the State bears the burden of proving the existence of prior convictions by a preponderance of the evidence. State v. Mendoza, 165 Wn.2d 913, 920, 205 P.3d 113 (2009), disapproved of on other grounds by State v. Jones, 182 Wn.2d 1, 338 P.3d 278 (2014). Where the State fails to meet its burden and the defendant fails to object, the proper remedy is to remand for resentencing to allow the State to present evidence of the defendant's prior convictions. Mendoza, 165 Wn.2d at 930; see also Jones, 182 Wn.2d at 6-11.

Berry argues that the court erred in assessing two points, one for the misdemeanor conviction for domestic violence harassment and one for the State's assertion that Berry committed the current offense while on community custody.

At sentencing, the State calculated Berry's standard range sentence based on an offender score of seven for domestic violence - burglary in the first degree. The offender

score included one point for each of Berry's three prior adult felony convictions: one point for a 2006 misdemeanor harassment domestic violence conviction; one point for Berry being on community custody at the time of the current offense; and two points for count two the "other current offenses" of domestic violence - felony violation of a no contact order, pursuant to RCW 9.94A.525(21)(a).[2]

The State concedes that the trial court erred in including a point for Berry's 2006 misdemeanor domestic violence conviction because the misdemeanor conviction occurred before August 2, 2011. RCW 9.94A.525(21)(a). We accept the State's concession that it was error to include the misdemeanor conviction.

Next, Berry argues that the State failed to sustain the burden of proof to establish that he was in fact on community custody. Under RCW 9.94A.525(19), if a present conviction is for an offense committed while the offender was under community custody, one point is added to the offender score.

At sentencing, Berry did not acknowledge that he was on community custody when he committed the offense. Neither did the State provide such evidence. A defendant waives his right to challenge the State's failure to prove sufficient facts at sentencing only if that defendant "affirmatively acknowledges" the necessary facts. Mendoza, 165 Wn.2d at 930. As our Supreme Court stressed there is a "need for an affirmative acknowledgement by the defendant of facts and information introduced for the purposes of sentencing." Mendoza, 165 Wn.2d at 928 (emphasis omitted).

The State agrees that Berry did not explicitly state that he was on community custody at the time of the offenses, but contends that his presentence report arguing for

---

[2] Clerk's Papers at 100.

an offender score of five was made on grounds other than those appealed and that argument necessarily included a point for community custody, effectively acknowledging that he was on community custody at the time of the offense. This was not an explicit acknowledgment under Mendoza. Thus, the State presented insufficient evidence to include the point for community custody. Accordingly, we remand for resentencing.

III. Statement of Additional Grounds

Berry raises a number of issues in a pro se statement of additional grounds for relief, none of which have merit.

First, Berry contends the trial court erred in permitting the State to amend the information charging him with first degree burglary rather than residential burglary. Under CrR 2.1(d), the court may permit the amendment of information any time before a verdict or so long as the defendant is not prejudiced. Berry's counsel in colloquy explained that her client was not happy to be charged with the amended information, however, the defense was not impacted by it. Thus, there was no error.

Berry next argues that the admission of the 911 recording, when the caller was not present to testify, violated his Sixth Amendment right to confront his accuser under Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004). But under State v. Davis, 154 Wn.2d 291, 111 P.3d 844 (2005), where circumstances, as here, indicate that the primary purpose of the 911 calls were to enable police assistance to meet an ongoing emergency, such statements are nontestimonial. Since the determination of whether or not such statements are testimonial is a factual question, we review their admission under an abuse of discretion standard. State v. Shafer, 156 Wn.2d

381, 395, 128 P.3d 87 (2006). Under the circumstances here, the trial court did not abuse its discretion.

Berry also contends that he was denied the right to interview the complainant in this case. However, although there was some difficulty in arranging time within which defense was afforded the opportunity to interview the complainant, it did in fact occur. Nor is there any merit to Berry's contention that the trial court erred in not dismissing the case because the complainant was unavailable to testify at the specific time set by the prosecution.

Berry next claims that he was not able to cross-examine the deputy. But his counsel specifically chose not to do so. Such a decision is a trial tactic and does not constitute grounds for a claim of ineffective assistance of counsel. In re Personal Restraint of Stenson, 142 Wn.2d 710, 735, 16 P.3d 1 (2001).

Berry claims that he did not comprehend the proceedings; however, his objection rests primarily on the court's refusal to dismiss the case when the complainant witness was unable to show up at 9:00 a.m. This delay in the start of a witness testimony is insufficient to constitute grounds for a mistrial. A trial court's decision to deny a motion for a mistrial is reviewed for an abuse of discretion and will not be overturned unless its decision is manifestly unreasonable or based on untenable grounds. State v. Wade, __ Wn. App. __, 346 P.3d 838, 850-51 (2015). Here, Berry can show no prejudice and thus the trial court did not abuse its discretion.

Berry also claims that he did not understand the proceedings and the nature of the charges against him. The issue of Berry's incompetency first arose when the State sought to introduce a letter purportedly written by Berry and sent to Stump. The letter contained

information that was in the plea negotiations and the issue of his residence at the apartment. Berry became agitated and somewhat combatant with the court repeatedly requesting that Berry stop speaking and to sit down so that his counsel could be heard. Berry agreed to sit and let his attorney speak, but continued to be disruptive. The court ruled in Berry's favor but he refused to settle down so the court could recess. Once Berry was removed, the court recessed.

The next day before presenting its case, defense counsel moved for a mistrial based on Berry's incompetency. The trial court denied the motion. RCW 10.77.060(1)(a) requires a competency hearing whenever there is "reason to doubt" a defendant's competency. A trial court's decision on whether to order a competency examination is reviewed for an abuse of discretion. State v. Heddrick, 166 Wn.2d 898, 903, 215 P.3d 201 (2009). A trial court abuses its discretion when its decision is arbitrary or is based upon untenable grounds or made for untenable reasons. State v. McDonald, 138 Wn.2d 680, 696, 981 P.2d 443 (1999). "The determination that an accused is competent to stand trial is within the discretion of the trial court, and will not be reversed on appeal absent manifest abuse of discretion." State v. Hanson, 20 Wn. App. 579, 582, 581 P.2d 589 (1978).

Here, Berry testified on his own behalf. His testimony on direct examination was coherent and demonstrated that he was aware of what had happened at the residence, although he disagreed with the State's version of events. On cross-examination, Berry began to exhibit the combative pose taken earlier. At the conclusion of his testimony, defense counsel again moved for a mistrial on the basis of Berry's inability to understand the proceedings since the State amended the charges to first degree burglary. The trial

9

court denied this motion. On the record before us, we cannot say that it was an abuse of discretion.

Berry also claims that he was denied due process because he was not present during certain parts of the proceedings. Before closing arguments were presented to the jury and while the court was undertaking administrative tasks outside the presence of the jury, Berry became combative and continued to speak over his attorney and the judge, demanding that he be given an opportunity to testify to the jury. Berry had already testified on his own behalf.

Berry demanded to be taken out of the courtroom. Defense counsel objected to Berry's absence again arguing he was incompetent. The court noted that Berry's intent was to disrupt the proceedings and that he had been repeatedly warned. In the end it was Berry himself who chose to absent himself from the proceedings.

The trial court then instructed the jury and the State gave its closing argument outside of Berry's presence. At the conclusion of the State's argument, the court recessed affording defense counsel an opportunity to confer with her client who still refused to come to court. Berry was afforded multiple opportunities to come to court but chose not to do so. When the jury rendered its verdict, Berry was still absent.

The right to be present at trial is not absolute and where a defendant's behavior has been persistently disruptive, a defendant in effect voluntarily waives the right to be present. State v. Chappel, 145 Wn.2d 310, 318, 36 P.3d 1025 (2001). Here, Berry was repeatedly warned that his behavior would not be tolerated and that court would not continue while he was acting that way. The trial court's decision to continue the trial in

10

Berry's absence was constitutionally permissible. <u>See</u> <u>Illinois v. Allen</u>, 397 U.S. 337, 345-46, 90 S. Ct. 1057, 25 L. Ed. 2d 353 (1970).

Finally, Berry relies on matters outside the record to make his claim that his attorney provided ineffective assistance for failing to investigate evidence regarding his mental health. As such, this claim cannot be considered on a direct appeal. <u>State v. McFarland</u>, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995) (the court will not review matters outside of the trial record on direct appeal).

IV. <u>Conclusion</u>

Because the admission of the ER 404(b) evidence was harmless and Berry's claims in his statement of additional grounds have no merit, we affirm the convictions. But because the trial court miscalculated the offender score, we remand for resentencing.

_Trickey, J_

WE CONCUR: